165 So.2d 386

**Robert A. HAMRICK**

v.

**Mrs. Tommie THOMPSON.**

**6 Div. 748.**

Supreme Court of Alabama.

June 11, 1964.

Mead, Norman & Fitzpatrick, Birmingham, for appellant.

Mudd, Baker & McDaniel, Birmingham, for appellee.

COLEMAN, Justice.

This is an appeal by defendant from judgment for plaintiff for personal injury and automobile damage sustained by plaintiff as result of automobile collision.

*Motion to quash.*

Defendant assigns as error the action of the court in overruling defendant's motion to quash the service of summons and complaint, which service was made on the secretary of state as agent of defendant pursuant to Act No. 415, approved November 13, 1959, 1959 Acts of Alabama, page 1102; which appears as § 199(½), Title 7, 1963 Pocket Part, Code of Alabama Recompiled 1958.

The collision occurred March 18, 1958. Complaint was filed February 14, 1959.

At the time of the collision and at all times thereafter until January 20, 1959, defendant was a resident citizen of Jefferson County, Alabama. During the period from collision until January 20, 1959, defendant was not absent from the State of Alabama and did not conceal himself so that process could not be personally served upon him. On January 20, 1959, defendant became a bona fide resident citizen of the State of North Carolina and a nonresident of the State of Alabama.

Pluries summons and complaint were served on the secretary of state March 23, 1960. The secretary of state sent statutory notice to defendant by registered mail and defendant received the notice March 28, 1960. The facts thus stated are undisputed.

Defendant recognizes that a personal judgment for money may be rendered against a nonresident, without personal service of process on such nonresident, as provided by § 199, Title 7, Code 1940. Defendant argues, however, that statutes providing for substituted service are in derogation of the common law, and, for that reason must be strictly construed; and, that, when Act No. 415 is thus construed, it does not provide for service of process on a person who was a resident of Alabama at the time of the collision but who is a nonresident at the time of attempted service. Defendant says: "It is clear that the statute was not designed to affect persons who in good faith become non-residents of the state."

Thus the question is: Does Act No. 415 provide for service on a defendant who was a resident at the time of collision but who is a nonresident at the time of service?

The title and parts of Act No. 415 recite as follows:

## "AN ACT

"To provide further for the service of process in civil suits growing out of motor vehicle accidents; providing an additional or alternative meehod of serving such process upon any person who was a resident of the State of Alabama when a motor vehicle, owned or operated upon the public highways in the State by such person was involved in an accident, but who has since absented himself from the State or concealed himself so that personal service cannot be had upon him.

*"Be It Enacted by the Legislature of Alabama:*

"Section 1. Should any resident of this State, who was the driver or owner of a motor vehicle involved in an accident or collision while being operated on any public highway in this State, thereafter leave the State and remain away for a period of 60 days from the date of such accident or for such period conceal himself so that process cannot· be served upon him, such absence from·

the State or such concealment shall be deemed equivalent to an appointment by such person of the secretary of state of the State of Alabama, or his successor in office, to be such person's, or in case of his death his personal representative's, true and lawful agent or attorney upon whom may be served the summons and complaint in any action against such absent or concealed resident, or if he has died against his personal representative, growing out of such accident or collision; and such departure from the State or concealment shall be deemed a signification of such absent or concealed resident's agreement and equivalent to an appointment by such absent or concealed resident of the secretary of state of the State of Alabama, or his successor in office, to be such absent or concealed resident's, or in case of his death his personal representative's, true and lawful agent or attorney upon whom may be served all lawful process in any action or proceeding against such resident, or if such resident has died against his personal representative, growing out of any accident or collision in which a vehicle, owned or operated by such absent or concealed resident of this State, was involved while being operated upon the public highways within Alabama, so that any such summons and complaint against such absent or concealed resident, or if he has died against his personal representative, which is so served shall be of the same legal force and effect as if personally served within the State of Alabama.

"....................

"Section 6. The provisions of this Act are cumulative and it shall not be construed to repeal or modify any other law of this State, but it shall be construed to provide an additional or alternative method of serving process in actions growing out of motor vehicle accidents upon residents of this State who are absent or have concealed themselves so that process cannot be personally served on them in the usual manner.

"...................."

The general rule that statutes in derogation of the common law must be strictly construed does not require a literal and blind adhesion to mere words. Broaddus v. Johnson, 235 Ala. 314, 179 So. 215. A literal interpretation will not be adopted when it would defeat the purpose of the statute, if any other reasonable construction can be given to the words. Ray v. Richardson, 250 Ala. 705, 36 So.2d 89.

The body of the act commences: "Should any resident . . . . who was the driver . . . . of a motor vehicle involved in . . . . collision while being operated on any public highway in this State, thereafter leave the State and remain away for a period of 60 days . . . . such absence from the State . . . . shall be deemed . . . . an appointment by such person of the secretary of state . . . . to be such person's . . . . true and lawful agent . . . . upon whom may be served the summons and complaint in any action against such absent . . . . resident . . . . growing out of such . . . . collision . . . ."

The defendant was a resident of this state; he was the driver of a motor vehicle involved in a collision while it was being operated on a public highway in this state; defendant thereafter left the state and had remained away for 60 days when service was had on the secretary of state. The statute says when a resident has done these things, he has appointed an agent for service of process, namely, the secretary of state.

Defendant insists, however, that the statute refers only to a person who was resident at the time of service and that the instant defendant was not a resident at the time of service. The body of the act does not limit its operation to those who were residents at the time of service of process. Section 1 refers to "any resident . . . .

who was the driver . . . . of a motor vehicle . . . . while being operated on any public highway in this State . . . ." If, as defendant contends, there be ambiguity in the reference to "any resident," there is a rule of construction which resolves the ambiguity.

■ While the title of an act cannot contradict the plain and unambiguous terms in the enacting clause, the recitals of the title are available aids to the removal of ambiguity or uncertainty in the enacting clause. In cases of doubt in respect to an ambiguous legislative context, the preamble of an act must be resorted to to ascertain the intent and resolve the doubt. To arrive at the intent of the law, the whole act— title and enacting clauses—must be read. Wages v. State, 225 Ala. 2, 141 So. 707.

Resorting to the title of Act No. 415, we find its purpose stated as: ". . . . providing an additional or alternative method of serving such process *upon any person who was a resident* . . . . *when a motor vehicle* . . . . operated upon the public highways in the State by such person *was involved in an accident,* but who has since absented himself from the State . . . ." (Emphasis Supplied.)

■ The controlling time stated in the title is the time when the vehicle was involved in an accident. If the operator, at that time, was a resident and later absents himself from the state, he is within the class of persons named in the title. Whether his absence be temporary or forever is of no consequence.

We are of opinion that defendant has not shown error in overruling the motion to quash.

### Charge 18.

Defendant argues that the court erred in refusing his requested Charge 18 which was not covered by the oral or given charges and which recites:

"18. The burden of proof is upon the plaintiff in this case to show that the injury and damages complained of were proximately caused by negligence on the part of the defendant; if you are not reasonably satisfied from all the evidence in this case that the plaintiff has proven that the defendant was guilty of negligence on the occasion complained of, and if you are not further reasonably satisfied from the evidence that the plaintiff was injured and damaged as complained of as a proximate result of such negligence, then you cannot find your verdict for the plaintiff."

■■ A party requesting charges to the jury must frame them so that they will not mislead, and must be careful that the proposition or principle of law, is precisely expressed. Eagle & Phoenix Mfg. Co. v. Gibson, 62 Ala. 369, 374. A court cannot be reversed for its refusal to give a charge that is not expressed in the exact and appropriate terms of the law. W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 412, 192 So. 851, 129 A.L.R. 526.

■ The burden on the plaintiff is to show by the evidence to the reasonable satisfaction of the jury that defendant is guilty of the acts charged in the complaint. The opening clause of Charge 18 omits all reference to the evidence or reasonable satisfaction, does not precisely express the rule of the burden of proof on plaintiff, and, therefore, was refused without error.

### Charges 16 & 17.

Defendant asserts that the court erred in refusing his requested Charges 16 and 17 which recite:

"16. I charge you that if any one of you is not reasonably satisfied from the evidence in this case that the plaintiff is entitled to recover, then you cannot find your verdict for the plaintiff."

"17. I charge you that if after a full and fair consideration of all the evidence in this case, the mind of any one or more of you is not reasonably

satisfied that the plaintiff is entitled to recover, then you cannot find your verdict for the plaintiff."

In its oral charge the court said:

"It is perhaps of no purpose for me to tell you, because all of you men know it, that any verdict that is brought in and returned in this case must be agreed to by all twelve of your number."

We think there is good purpose to instruct the jury that the verdict must be unanimous. Louisville v. Nashville R. Co. v. Steverson, 220 Ala. 158, 124 So. 205. Nevertheless, the refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of the parties. § 273, Title 7, Code 1940.

The rule stated in Charges 16 and 17 was substantially and fairly given to the jury in the court's oral charge, and, therefore, refusal of Charges 16 and 17 was not error. City of Birmingham v. Bowen, 254 Ala. 41, 45, 47 So.2d 174; City of Bessemer v. Clowdus, 261 Ala. 388, 395, 74 So.2d 259.

*Charge A.*

Defendant argues that the court erred in refusing his requested Charge A which recites:

"A. I charge you that if you are reasonably satisfied from your observation of a witness or party that any witness or party has testified falsely about any material fact, you would, in your discretion, be entitled to disregard in its entirety his or her testimony."

To warrant application of the maxim; false in one, false in all; the alleged false statement must have been made knowingly, intentionally, or with a design to deceive or mislead. Childs v. State, 76 Ala.

93, 96; Pinkerton v. State, 246 Ala. 540, 22 So.2d 113.

Charge A omits the requirement that the statement be knowingly or willfully false, is an incorrect statement of the law, and, therefore, was refused without error.

*Excessiveness.*

Defendant asserts that the court erred in overruling the grounds of his motion for new trial which take the point that the verdict for $5,000.00 was excessive.

Defendant states in brief that he is not arguing that the finding on liability is contrary to the evidence.

As tabulated in defendant's brief, plaintiff's special damage amounted to $429.22, being $50.00 for damage to her automobile and $379.22 for medical treatment. Dr. Conwell testified that plaintiff had visited his office fifty-five times for treatment; that plaintiff complained of pain over the right shoulder, neck, upper back, head and jaw, over the dorsal spine, in her low back, both arms; she had muscle spasms about the neck and right shoulder, numbness down the right arm; that there was a severe contusion and bruising of the muscles of the head, neck, right shoulder, and right arm; that there was evidently some temporary injury to the nerves of the right arm, and, to a moderate degree, down the left arm; she continued having pain; that she had what some people call "a whiplash"; that she has "a residual disability to a slight degree in her neck"; that he and another physician, who also testified, agreed that she should have traction to head and neck; that his bill for $340.00 for treatment over a two-year period was reasonable. There is other testimony as to plaintiff's injury.

In applying the rule stated in Great Atlantic & Pacific Tea Company v. Weems, 266 Ala. 415, 418, 96 So.2d 741, we are unable to say that the verdict is so excessive as to indicate passion, prejudice, corruption, or mistake on the part of the jury, and are

of opinion that the amount of the verdict should not be disturbed by this court.

Error is not shown and the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.