This is a tax case.
Burton Manufacturing Company appeals from a judgment entered by the Montgomery County Circuit Court, which held that a tax imposed in the State of Florida was a privilege tax rather than an income tax, and therefore was not deductible under §40-18-21, Code of Alabama 1975, as a credit against Alabama income tax. *Page 622 
Burton is an Alabama corporation primarily engaged in manufacturing golf products. In addition to its main plant in Alabama, Burton operates a plant in Florida. Under § 40-18-31
of the Code, Burton is subject to a corporate income tax on its entire net income, including income derived from business transacted outside the State of Alabama. However, Burton may use the credit against tax provided by § 40-18-21. That section provides for a credit against Alabama income tax due in "the amount of income tax actually paid by such resident to any state or territory on account of business transacted or property held without the State of Alabama." § 40-18-21, Code of Alabama, 1975.
Until amended in 1971, article VII, § 5 of the Florida Constitution prohibited the imposition of any income tax. After a constitutional amendment for the limited purpose of allowing the imposition of a corporate income tax, the Florida Income Tax Code, Chapter 220, Title XIII, Florida Statutes, was signed into law on December 21, 1971. The Florida Income Tax Code imposed a tax on corporations in an amount equal to five percent of their adjusted federal taxable income.
For taxable years ending after December 31, 1971, Alabama corporations doing business in Florida were required to pay the Florida tax. For ten years after the enactment of the Florida tax, the Department of Revenue of the State of Alabama (Department) uniformly allowed Alabama corporations to take the § 40-18-21 credit for Florida tax paid.
In 1982, the Department changed its position. It began disallowing the § 40-18-21 credit for taxes paid under the Florida Income Tax Code. The Department now characterizes the Florida tax as a privilege tax rather than an income tax, basing its position on several of the "intent" provisions of the Florida Income Tax Code.
The Department issued a final assessment against Burton for the 1982 fiscal year taxes due, which did not allow a credit for Florida income taxes paid. Burton appealed the final assessment to the Montgomery County Circuit Court, but the circuit court agreed with the Department and entered a judgment upholding the assessment. From that judgment, Burton appeals.
The facts in this case have been stipulated. Where the facts in the case are not disputed, the ore tenus presumption of correctness of the findings of the trial court does not apply. It is the duty of the appellate court to determine whether there has been a proper application of the law to the facts.Samford v. First Alabama Bank of Montgomery, 431 So.2d 146
(Ala. 1983).
The dispositive issue in this case is whether the Florida Income Tax Code, Chapter 220, Title XIII of the Florida Statutes imposes an income tax as that term is used in §40-18-21. If it does, Burton is entitled to the tax credit provided.
In the middle 1960's, various states, anticipating problems such as this one, attempted to establish a uniform and fair system for taxing multistate corporations. Ex parte State ofAlabama Department of Revenue, 441 So.2d 598 (Ala. 1983). Alabama adopted the Multistate Tax Compact in 1967, Ex parteState, supra; §§ 40-27-1 to -6, Code of Alabama 1975. Burton has urged that we consider it.
The Department correctly contends that the Compact was never intended to be a substantive taxation statute, but rather was meant to be a procedural vehicle for the resolution of problems involving taxpayers subject to multiple state taxation. SeeGoldberg v. State Tax Commission, 639 S.W.2d 796 (Mo. 1982).
The Department also contends that we are bound by the meaning of "income tax" as contained in the Alabama Code and as construed by the courts. Unfortunately, no definition of the term "income tax" is provided by Chapter 18 (Income Taxes) of Title 40 of the Code of Alabama. In fact, there is no definition of the term "income tax" anywhere in Title 40 (Revenue and Taxation) of the Code of Alabama. The Department does not cite, and we have not *Page 623 
located, any Alabama cases that have defined the term "income taxes." Federal cases cited by the Department could, under close examination, as easily be construed against their position as in support thereof. See, e.g., Flint v. Stone TracyCompany, 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911).
Given the scarcity of other definitions of the term "income tax" within this state, we consider that the language and definitions used in §§ 40-27-1 to -6, Code 1975 (the Multistate Tax Compact) are relevant in this case. Statutes dealing with the same subject being construed (statutes in pari materia) are a form of extrinsic aid deemed relevant as to how a statute should be interpreted and applied. Sutherland Stat. Const. 51.01 (4th ed.) (1973). An examination of § 40-27-1 leaves no doubt that it deals with the same subject as § 40-18-21:
"§ 40-27-1 Compact adopted; terms.
 "The following Multistate Tax Compact is hereby approved, adopted and enacted into law by the state of Alabama:
MULTISTATE TAX COMPACT
"Article I. Purposes.
"The purposes of this compact are to:
 "1. Facilitate proper determination of state and local tax liability of multistate taxpayers, including the equitable apportionment of tax bases and settlement or apportionment disputes.
 "2. Promote uniformity or compatibility in significant components of tax systems.
 "3. Facilitate taxpayer convenience and compliance in the filing of tax returns and in other phases of tax administration.
"4. Avoid duplicative taxation."
§ 40-27-1, Code of Alabama 1975. Furthermore, Article II of §40-27-1 contains the only definition of "income tax" found in Title 40:
"Article II. Definitions.
"As used in this compact:
 "4. `Income tax' means a tax imposed on or measured by net income including any tax imposed on or measured by an amount arrived at by deducting expenses from gross income, one or more forms of which expenses are not specifically and directly related to particular transactions."
§ 40-27-1, Code of Alabama 1975. (Emphasis added.) In comparison, the tax levied by the Florida Income Tax Code is defined as follows:
 "(2) The tax imposed by this section shall be an amount equal to 5%, of the taxpayer's net income for the taxable year."
Fla.Stat. Tit. XIII, § 220.11 (2)(1983). After examining the Alabama definition of the term "income tax", given in §40-27-1, and the Florida definition of its tax imposed, we can see no substantive difference between the two. Our conclusion is further supported by the fact that the Florida Income Tax Code defines "net income" as follows:
 "Sec. 220.12. Net income defined. — (1) For purposes of this Code, a taxpayer's net income for a taxable year which commences on or after January 1, 1972 shall be that share of its adjusted federal income for such year which is apportioned to this state. . . .
 "Sec. 220.13. Adjusted federal income defined. — (1) Adjusted federal income shall mean an amount equal to the taxpayer's taxable income as defined in [§ 63 of the Internal Revenue Code and properly reportable for federal income tax purposes for the taxable year. . . ."
Fla.Stat. Tit. XIII, §§ 220.12, .13 (1983).
Finally, we consider the following declaration of intent to the Florida Income Tax Code that the Department essentially bases its entire case upon:
"Part One
Title, Declarations of intent, Definitions
 "Sec. 220.01. Short Title. — This chapter shall be known and may be cited as the `Florida Income Tax Code.' *Page 624 
 "Sec. 220.02. Declarations of intent. — (1) It is the intent of the legislature in enacting this Code to impose a tax upon all corporations, organizations, associations and other artificial entities which derive from this state or from any other jurisdiction permanent and inherent attributes not inherent in or available to natural persons, such as perpetual life, transferable ownership represented by shares or certificates, and limited liability for all owners. It is the intent of the legislature to subject such corporations and entities to taxation hereunder for the privilege of conducting business, deriving income or existing within the state. This Code is not intended to tax, and shall not be construed so as to tax, natural persons who engage in a trade or business or profession in this state under their own or any fictitious name, whether individually as proprietorships or in the partnerships with others, estates of decedents or incompetents, or testamentary trusts."
We agree with Burton that the "privilege" language used above was only used to insure that under no set of circumstances could the Florida Income Tax Code be used to tax individual income. A literal interpretation of a statute (or its "intent" provisions) will not be adopted when it would defeat the purpose of a statute, if any other reasonable construction can be given to the language in question. Hamrick v. Thompson,276 Ala. 605, 165 So.2d 386 (1964). While the "declaration of intent" does use the term "privilege" when referring to the intent of the legislature, the code is overwhelmingly referred to throughout its length as an "income tax" measure. Though the Florida courts have not specifically construed the Florida Income Tax Code, they have uniformly characterized the tax as an income tax. See, e.g., Department of Revenue v. LeadershipHousing, Inc., 343 So.2d 611 (Fla. 1977). Perhaps because it is so overwhelmingly apparent that a Florida constitutional amendment would have been unnecessary to impose a privilege tax (rather than an income tax), the precise issue has not even arisen in Florida.
With assumptions aside, however, we hold that the tax imposed on corporations under the Florida Income Tax Code is an "income tax" under both Alabama and Florida law, and that Burton is therefore entitled to the credit allowed under § 40-18-21. Accordingly, the judgment of the circuit court is reversed and remanded to the circuit court with instructions to enter a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., dissents.