BOWEN, Presiding Judge.
This is an appeal from the denial of a pro se petition for writ of habeas corpus. The petitioner alleges that the Alabama Department of Corrections has improperly computed the good time to which he is entitled.
It is undisputed that the petitioner is incarcerated for crimes committed prior to 1980, and that the governing statute is 1975 Ala. Acts 176, No. 182 (July 29, 1976), which was codified as Alabama Code 1975, § 14-9-20 through § 14-9-25. This act was repealed by the Alabama Correctional Incentive Time Act, 1980 Ala.Acts 690, No. 80-446 (May 19, 1980), codified as § 14-9-40 through § 14-9-44, but retained to the extent that it only applies to prisoners serving time before May 19, 1980, and persons who committed an offense prior to May 19, 1980. § 14-9-43.
Act 182 provides, in part, that “[t]he Board of Corrections is hereby empowered to create within the existing classification system a new classification which would authorize a maximum deduction from the term of the sentence of an exceptional inmate of two (2) days for each one (1) day served.” By an opinion of the Alabama Attorney General dated September 8, 1976, this section was interpreted to allow a maximum deduction of two days for every day served.
“The plain language of this section dictates that the maximum deduction from an inmate’s sentence who is found to be within this exceptional classification is two days. The good time allowance therefore is one day for every one day served. In other words, the inmate’s sentence is reduced one day for his actual incarceration and one day as a good time allowance totalling the maximum deduction of two days.”
Following the Attorney General’s interpretation, it has been the policy of the Department of Corrections to award a qualified inmate one day of good time for every day he served resulting in a “two-for-one” reduction in sentence. Department of Corrections . Administrative Regulation Number 437, section IV(6)(b).
*1002 It was not disputed that the petitioner had been receiving good time under Act 182 at the rate of one day of good time for each day served. However, the petitioner maintains that the act entitles him to two days of good time in addition to the day he actually serves so that he receives a three-day deduction from his sentence for every day he serves.
After an evidentiary hearing at which the petitioner was represented by appointed counsel, the circuit court judge entered the following written order denying the petition:
“This is a Petition for Writ of Habeas Corpus. The Petitioner is an inmate at Limestone Correctional Facility under sentence to the State Penitentiary. Petitioner alleges that he is entitled to release from the State Penitentiary in that he is not properly being credited with the credits towards his sentence which he is entitled under Act No. 182 of the Legislature 1976.
“The Petitioner was sentenced prior to 1980 to a term in the State Penitentiary. While on parole he violated the conditions of his parole and re-entered the system in 1985.
“The above Act provides in part, ‘The Board of Corrections is hereby empowered to create within the existing classification system a new classification which would authorize a maximum deduction from the term of the sentence of an exceptional inmate two days for each one day served.’ Therefore, under the law the Board of Corrections is empowered to grant a credit but is not required to grant it, since it is conditioned upon an inmate being exceptional. Here the Petitioner is shown by the evidence to have violated the terms of his parole. Petitioner strenuously argues that the Act in question authorizes the department to grant him two days credit in addition to the day served.
“This Act is an enabling Act. It does not require that an inmate be given anything. Under the facts he is being given one day credit for every day served. Even if the Act were interpreted to authorize more, there is no showing under the facts that they are required to grant him the maximum. The granting of a one day for one day served does not violate the inmate's rights.
“Petitioner further contends that he has had good time granted to him which was not taken away from him but does not appear as a credit in his file. The amount of good time credit is within the discretion of the Board of Corrections.”
The question to be answered concerns the amount of good time to which an inmate is entitled under Act 182. This requires a judicial interpretation of the act.
“The cardinal rule for construction of a statute is to ascertain the legislative intent, which must be determined by examining the statute as a whole in light of its general purpose.” Gulf Coast Media v. Mobile Press Register, Inc., 470 So.2d 1211, 1213 (Ala.1985). “One approach in determining the legislative purpose and intent is to examine the prior law, and related statutes, on the subject embraced in the statute being construed.” State v. AAA Motor Lines, Inc., 275 Ala. 405, 408, 155 So.2d 509 (1963).
In 1975, the Alabama Legislature passed Act 214 authorizing a maximum deduction of sentence of 15 days for each month served. 1975 Ala.Acts 485, No. 214 (April 30, 1975), formerly codified as Alabama Code 1975, § 14-9-1 through § 14-9-4. This time is referred to as statutory good time (SGT).
In 1976, Act 182 was passed “author-iz[ing] a maximum deduction from the term of the sentence of an exceptional inmate of two (2) days for each one (1) day served.” 1975 Ala.Acts 176, No. 182 (July 29, 1976), formerly codified as Alabama Code 1975, § 14-9-20 through § 14-9-25. This time is referred to as incentive good time (IGT). An inmate may earn both SGT and IGT at the same time. Counting SGT and IGT, the maximum deduction from sentence a prisoner can earn in 30 days, under the existing time computation procedures employed by the Department of Corrections, is '75 days: 15 days SGT plus 30 days IGT plus the 30 days actually served.
*1003 In 1980, the Alabama Correctional Incentive Time Act was passed. Alabama Code 1975, § 14-9-40 through § 14-9-44. In part, that act provides, “Each prisoner ... may be entitled to earn a deduction from the term of his sentence as follows: (1) Seventy-five days for each 30 days actually served while the prisoner is classified as a Class I prisoner.” § 14-9-41(a)(l). The CIT Act specifically repealed Act 214 (SGT) and Act 182 (IGT). 1980 Ala.Acts 690, § 5, No. 80-446 (May 19, 1980). Evidence submitted at the evidentiary hearing revealed that the Department of Corrections interprets § 14-9-41 (CIT) in a matter to give a qualified prisoner a maximum deduction from his sentence of 105 days for every 30 days actually served: 75 days CIT plus the 30 days actually served. DOC Administrative Regulation 437, Time Computation Manual, Basic CIT Computation.
The 1976 Attorney General’s opinion held that a qualified prisoner was only entitled to one day of good time for every day served under Act 182. The Department of Corrections has followed that opinion. This Court recognizes that interpretations by the Attorney General and by the administrative agency charged with enforcing an act are entitled to “great weight”, Alabama Metallurgical Corp. v. Alabama Public Service Commission, 441 So.2d 565, 571 (Ala.1983), and “favorable”, Moody v. Ingram, 361 So.2d 513, 516 (Ala. 1978), and “due consideration.” Broadwa-ter v. Blue & Gray Patio Club, 403 So.2d 209, 213 (Ala.1981); Cherokee County v. Cunningham, 260 Ala. 1, 4-5, 68 So.2d 507 (1953). However, “this rule of construction is to be laid aside where it seems reasonably certain that the administrator’s interpretation has been erroneous and that a different construction is required by the language of the statute.” Boswell v. Abex Corp., 294 Ala. 334, 336, 317 So.2d 317 (1975).
While the statutory language of Act 182 is ambiguous and unclear, a reading of the title to that Act explains the intent of the Legislature. The purpose of the act, as expressed in the title is “[t]o provide for commutation of time for certain prisoners for good behavior at a rate to be determined by the Board of Corrections within the limits herein provided.” (Emphasis added.)
“While the title of an act cannot contradict the plain and unambiguous terms in the enacting clause, the recitals of the title are available aids to the removal of ambiguity or uncertainty in the enacting clause. In cases of doubt in respect to an ambiguous legislative context, the preamble of an act must be resorted to ascertain the intent and resolve the doubt. To arrive at the intent of the law, the whole act — title and enacting clauses — must be read.” Hamrick v. Thompson, 276 Ala. 605, 609, 165 So.2d 386 (1964).
Reading the statute and its title as a whole, we conclude that Act 182 authorizes but does not require the Department of Corrections to grant a qualified inmate up to two days good time for every day he serves. See Keenan v. Bennett, 613 F.2d 127, 128 (5th Cir.1980), where the court gratuitously observed, “Participation in the IGT program, ... entitles a prisoner to two days of good-time credit for each day he serves.” This interpretation results in a total daily deduction in sentence of three days: two days good time plus the one day actually served.
Prom the evidence presented in this case, it is clear that the Department of Corrections (formerly the Board of Corrections, see Code Commissioner’s note at the beginning of Title 14, Chapter 1, Ala.Code 1975, Mixon v. State, 407 So.2d 588, 590 (Ala.Cr. App.1981)) determined that a prisoner would receive one day of good time credit for each day actually served, even though the Department could have fixed a higher rate of good time credit.
The petitioner is not entitled to any relief because under Act 182 he only has the right to the rate of good time credit determined by the Department of Corrections within the limits provided in the act. The petitioner is not entitled to the maximum amount of good time the Department could have but did not grant under the act. *1004 This was the conclusion reached by the circuit court.
The petitioner has no equal protection argument in this case because the evidence was that every prisoner’s IGT was calculated in the same manner and at the same rate.
The judgment of the circuit court denying the petition is affirmed.
AFFIRMED.
All Judges concur.