589 So.2d 699 (1991)
Carolyn L. JORDAN, as executrix of the Estate of James I. Jordan, Deceased
v.
RELIABLE LIFE INSURANCE COMPANY.
1900748.
Supreme Court of Alabama.
September 27, 1991.
James J. Thompson, Jr. and Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham, for appellant.
Steven F. Casey of Balch & Bingham, Birmingham, and Robert C. von Ohlen, Jr. and John B. Austin of Adler, Kaplan & Begy, Chicago, Ill., for appellee.
HORNSBY, Chief Justice.
Carolyn L. Jordan, as executrix of the estate of her husband, James I. Jordan, and as beneficiary of a group accidental death *700 insurance policy that James had with Reliable Life Insurance Company ("Reliable") through his employer, sued Reliable in the United States District Court for the Northern District of Alabama for benefits under her husband's policy after he died in an airplane crash. Pursuant to a provision in Jordan's policy that limited coverage to passengers, as opposed to pilots or members of the crew, Reliable denied coverage, because it determined that James was not riding in the plane as a passenger. Although James had piloted the aircraft during most of the flight in question, Jack Page, a professional flight instructor, who was giving James a refresher course in instruments-only flying, had assumed control of the plane immediately prior to impact. Page survived the crash and estimated that 30 seconds elapsed between his taking the throttle from James and the plane's crashing.
The federal district court awarded Carolyn Jordan the policy proceeds and interest at the "legal rate" prescribed by Ala.Code 1975, § 8-8-1, from the date she presented her claim to Reliable. Jordan v. Reliable Life Insurance Co., 716 F.Supp. 582 (N.D.Ala.1989). Reliable appealed the damages award to the United States Court of Appeals for the Eleventh Circuit, and Jordan cross-appealed the ruling on the rate of interest awarded. Jordan claims she is entitled to interest at the rate specified in Ala.Code 1975, § 27-1-17(b), instead of the legal interest rate. The Court of Appeals affirmed the award of damages, but certified to this Court the following question:[1]
"Does the rate of interest specified by Alabama Code [1975,] § 27-1-17[,] apply when an insurer denies a health or accident claim based on its interpretation of case law, and such interpretation, although ultimately rejected by the court, is a defensible one?"
Section 27-1-17 provides:
"(a) All persons, firms, corporations or associations issuing health and accident insurance policies within this state shall consider claims made thereunder and, if found to be valid and proper, shall pay such claims within 45 days after the receipt of proof of loss under such policies. Benefits due under the policies and claims are to be considered overdue if not paid within 45 days after the insurer receives reasonable proof of the fact and amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof shall be considered overdue if not paid within 45 days after such proof is received by the insurer. Any part or all of the remainder of the claim that is later supported by reasonable proof shall be considered overdue if not paid within 45 days after such proof is received by the insurer. For the purposes of calculating the extent to which any benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail to the last known address of the claimant or beneficiary in a properly addressed, postpaid, envelope, or, if not so posted, on the date of delivery.
"(b) If the claim is not denied for valid and proper reasons by the end of said 45 day period, the insurer must pay the insured one and one-half percent per month on the amount of said claim until it is finally settled or adjudicated.
"(c) In the event that the insurer fails to pay such benefits when due, the person entitled to such benefits may bring an action to recover them."
Reliable argues that the one and one-half percent per month interest rate provided for in § 27-1-17(b) is inapplicable when in good faith an insurer denies a claim within 45 days after receipt of proof of loss for reasons the insurer regards as legitimate at the time the claim is denied. Conversely, Jordan contends that the statute requires an insurance company to pay one and one-half percent per month interest on the amount of benefits claimed in all cases in which it is ultimately required to pay, regardless of whether the company *701 had a defensible reason for denying the claim. We conclude that the construction argued for by Jordan is the more sound interpretation of § 27-1-17. An insured who successfully litigates is statutorily entitled to compensation for the insurer's detention of the policy proceeds. Although we do not dispute the statutory language allowing an insurer to deny a claim "for valid and proper" reasons, the insurer does so at the risk that the judiciary will subsequently determine that those reasons were, in fact, not "valid and proper." Should there be such a judicial determination, § 27-1-17 places the burden on the insurer and provides the insured with the specified one and one-half percent per month rate of interest to compensate for the insurer's withholding of the policy proceeds. The six percent legal interest rate provided in § 8-8-1 does not compensate the insured to the extent the legislature intended under the present circumstances. Moreover, application of the six percent rate could provide an incentive for insurers to deny claims because they can earn more than six percent from investing the policy proceeds to which the insured may ultimately be entitled during the period the claim is being litigated.
The legislature has not granted insurance companies the power to make conclusive decisions with regard to whether a claim is valid and proper. A grant of such a power would surely be contrary to what we understand to be the statute's policy of improving the insured's position relative to that of the insurer. The insurer must make its decision with the knowledge that the judiciary may subsequently review the decision. In fact, the statute clearly contemplates the possibility of the judiciary's presence in the resolution of claims. Subsection (b) of § 27-1-17 concludes with the words "until [the claim] is finally settled or adjudicated." A court is certainly not bound by an insurer's initial determination that a claim is invalid and improper.
A primary purpose underlying § 27-1-17 is to encourage insurers to act on claims within the 45-day period provided in the statute, and construing the statute so as to require the insurer to compensate the insured at the interest rate specified in § 27-1-17(b) furthers this purpose. Such a construction encourages insurers not only to act on claims within the 45-day period, but also to take measures that result in a high probability that the insurer's initial determination is correct. Obviously, if a claim is denied for valid and proper reasons, as later determined by the court, the insurer will not be liable for the payment of the rate of interest specified in § 27-1-17. Encouraging insurers to make proper decisions as to validity and propriety is surely one of the primary purposes of insurance regulation, and this Court should adhere to this purpose in its construction of insurance statutes.
In his treatise on statutory construction, Professor Singer writes:
"When a statute is being construed the primary consideration is to ascertain and give effect to the legislative intent. In effecting that objective, the courts are first bound to ascertain the intent from a literal reading of the words and the language of the statute itself.... [A]ll statutes in an insurance code are intended to be part of a uniform system of regulation and should be considered in pari materia."
N. Singer, Sutherland Statutory Construction, § 70.05, at 505 (4th ed.1986). There appears to be no legislative intent for the provisions of § 27-1-17 to be affected by an insurer's "defensible" interpretation of case law. Moreover, in Druid City Hospital Board v. Epperson, 378 So.2d 696 (Ala.1979), this Court stated: "Where one interpretation of a statute would defeat its purpose that interpretation will be rejected if any other reasonable interpretation can be given it." Id. at 699. Reliable's interpretation of the statute would defeat the statute's purpose to compensate the insured for the period during which the policy benefits were not available. The reference to "valid and proper" in § 27-1-17(b) qualifies the 45-day requirement. The phrase does not qualify the one and one-half percent per month interest rate, which we believe the legislature intended to be applicable to claims *702 that are ultimately found to have been denied for invalid and improper reasons.
The title to the act from which § 27-1-17 originated indicates to some extent that the legislature did not intend to qualify the operation of § 27-1-17 in the manner suggested by Reliable. Clearly, the title of an act may serve as an aid to statutory interpretation. Hamrick v. Thompson, 276 Ala. 605, 165 So.2d 386 (1964). The title reads in part: "and to provide that the insurance company shall pay interest on the unpaid amount of any such claims after a certain period of time from receipt of proof of loss." Act 81-371, Alabama Acts 1981 (emphasis added). This language indicates that the statutory rate of interest provided for in § 27-1-17(b) applies to all claims that are "finally settled or adjudicated" in the insured's favor.
Finally, we do not believe that this interpretation of § 27-1-17 would unfairly penalize insurers. Given the choice between 1) requiring insurers to bear the risk of a later judicial determination of invalidity and impropriety and 2) requiring those insured to forgo the benefits of policy proceeds they are rightfully entitled to, the former is more consistent with the overall intent of the legislature in regulating the insurance industry.
Therefore, we answer the question certified to this Court in the affirmative: the rate of interest specified in § 27-1-17 does apply when an insurer denies a health or accident claim based on a defensible interpretation of case law that is ultimately rejected by the court.
QUESTION ANSWERED.
SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX, ALMON and HOUSTON, JJ., concur specially.
ALMON, Justice (concurring specially).
I agree that § 27-1-17 imposes interest on the benefits payable under valid claims at a rate of "one and one-half percent per month," beginning "45 days after the insurer receives reasonable proof of the fact and amount of loss sustained." I agree that this interest rate applies even if the insurer initially denies the claim in good faith and the claim is only later held to be valid by being "finally settled or adjudicated." To me, these conclusions follow as a necessary result of the plain meaning of the statute. Paragraph (b) requires the insurer to pay the stated interest rate "[i]f the claim is not denied for valid and proper reasons by the end of said 45 day period." A "valid" reason for denying the claim is one that ultimately defeats the claim; I see no room for interpreting this to mean a "good faith" or "debatable" reason to deny the claim.
Some of Reliable's arguments focus on the language in paragraph (a) regarding "reasonable proof of the fact and the amount of the loss." The error in those arguments is that they treat the term "reasonable proof" as though it means reasonable proof of the validity of the claim, when, in fact, "reasonable proof of the fact and amount of the loss" was provided in this case by proof of Mr. Jordan's death and of the policy amount. That language cannot be construed to mean that the 45-day period does not begin to run unless and until the claimant produces "reasonable proof" that she is entitled to recover under the claim, i.e., until she establishes her legal position as being superior to that of the insurer.
Finally, I note that most of Reliable's arguments hinge on the premise that the 18% per annum rate is a punitive one. I simply note that § 27-1-17 derives from Act 81-371, Alabama Acts 1981, which was passed at a time when the prime rate of interest was 17½% or higher. See Record of Policy Actions of the Federal Open Market Committee, 67 Fed. Reserve Bulletin 565 (July 1981). Thus, it is equally probable that the legislature intended the rate simply as a compensatory one, paying health and accident insurance claimants a market rate of interest for the loss of use of the policy benefits during a dispute over the validity of the claim. The question of whether that statutory rate is out of proportion *703 to current market rates is a question for the legislature, not the courts.
MADDOX, J., concurs.
HOUSTON, Justice (concurring specially).
This certified question arises from an action to recover the $375,000 death benefit applicable to Mr. Jordan under a group accidental death insurance policy. Prejudgment interest is awarded in Alabama when the amount due is certain or capable of being made certain. State Farm Mutual Automobile Insurance Co. v. Fox, 541 So.2d 1070 (Ala.1989). Prejudgment interest is recoverable in this action. This is not contested by Reliable. However, Reliable contends that Alabama's 6% per annum prejudgment interest rate is applicable (Ala.Code 1975, § 8-8-1) and that the 12% per annum interest rate on judgments is applicable (Ala.Code 1975, § 8-8-10). In its brief, Reliable states that it has fulfilled these obligations by paying to Ms. Jordan, as beneficiary, some $153,000 in interest.
It appears to me that our inquiry should be whether the legislature intended for the 18% per annum rate to apply to claims under health and accident insurance policies in lieu of the prejudgment interest and post-judgment interest rates provided for by the above-referenced Code sections. If not, then clearly the 18% per annum interest would be punitive, for it would be something in addition to the prejudgment and post-judgment interest rates that compensate for the loss of the use of the insurance benefit payable under the insurance policy. I agree with Justice Almon's special concurrence that the 18% per annum rate of interest provided for in § 27-1-17 was intended by the legislature to compensate for the loss of the use of the insurance benefits payable under the policy. The legislature intended for this rate of interest to be applied to claims under health and accident insurance policies, in lieu of the 6% per annum prejudgment interest and the 12% per annum interest on judgments applicable to other claims.
It is my understanding that Reliable has made no equal protection challenge to Ala. Code 1975, § 27-1-17, under the 14th Amendment to the United States Constitution; if it had done so, the question would be a matter to be resolved by the 11th Circuit Court of Appeals. There is no equal protection afforded by the Constitution of Alabama of 1901. See Moore v. Mobile Infirmary, [Ms. 89-1087, September 27, 1991] 1991 WL 190574 (Ala.1991) (Houston, J., disagreeing with the rationale of the Court's opinion, but concurring in the result).
NOTES
[1] For a detailed discussion and analysis of the insurance policy provisions involved, see Jordan v. National Accident Insurance Underwriters, Inc., 922 F.2d 732 (11th Cir.1991).