[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 9 
Jason Roger Berryhill was indicted for capital murder. The trial court appointed Mr. John A. Bivens, an attorney with over five years' experience in the practice of criminal law, and Ms. Virginia Buck, an attorney with less than five years' experience in the practice of criminal law, to represent Berryhill at trial. A jury convicted Berryhill of capital murder, and the court sentenced him to life imprisonment without parole. Shortly thereafter, Mr. Bivens withdrew from his representation, and the trial court then appointed Ms. Buck as Berryhill's sole attorney on appeal. The Court of Criminal Appeals affirmed both the conviction and the sentence. Berryhill v. State, 726 So.2d 297 (Ala.Crim.App. 1998). This Court denied the defendant's petition for certiorari review.
Berryhill later filed a petition pursuant to Rule 32 Ala.R.Crim.P., alleging that he had had ineffective assistance of counsel on appeal. The trial court denied Berryhill's Rule 32 petition; the Court of Criminal Appeals, on June 23, 2000, affirmed that denial with an unpublished memorandum. Berryhill v. State (No. CR-99-0984), ___ So.2d ___ (Ala.Crim.App. 2000) (table). We granted Berryhill's petition for certiorari review, pursuant to Rule 39(c), Ala.R.App.P. We affirm the judgment of the Court of Criminal Appeals.
 I.
In his certiorari petition, Berryhill raises numerous factual allegations of ineffective assistance of counsel, all of which he raised before the Court of Criminal Appeals; we have carefully considered all of them in light of the arguments, the record on appeal, and the unpublished memorandum of the Court of Criminal Appeals. We conclude that the Court of Criminal Appeals fully and correctly addressed Berryhill's factual allegations. However, the crux of Berryhill's legal argument is that it was a prima facie denial of his right to effective assistance of counsel for the court to appoint as appellate counsel a lawyer who had not had at least "five years' prior experience in the active practice of criminal law." § 13A-5-54, Ala. Code 1975. We will address only this issue.
 II.
The polestar of statutory construction is to ascertain and give effect to the Legislature's intent in enacting a statute. *Page 10 Norfolk S. Ry. v. Johnson, 740 So.2d 392, 396 (Ala. 1999). When a court construes a statute, "[w]ords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says." IMED Corp. v. Systems Eng'g Assocs. Corp.,602 So.2d 344, 346 (Ala. 1992).
This Court has written:
 "`If the statute is ambiguous or uncertain, the court may consider conditions which might arise under the provisions of the statute and examine results that will flow from giving the language in question one particular meaning. . . .'
 "In deciding between alternative meanings . . ., we will not only consider the results that flow from assigning one meaning over another, but will also presume that the legislature intended a rational result, one that advances the legislative purpose in adopting the legislation, that is `workable and fair,' and that is consistent with related statutory provisions."
John Deere Co. v. Gamble, 523 So.2d 95, 100 (Ala. 1988) (citations omitted). As we must with any statute, we read the concept of reasonableness into the provisions of the statute at issue in this case.See Bolton v. Board of School Comm'rs of Mobile County, 514 So.2d 820,824 (Ala. 1987).
The statute at issue in this case reads:
 "Each person indicted for an offense punishable under the provisions of this article [i.e., Title 13A, Chapter 5, Art. 2, relating to capital offenses] who is not able to afford legal counsel must be provided with court appointed counsel having no less than five years' prior experience in the active practice of criminal law."
Ala. Code 1975, § 13A-5-54 (emphasis added).
The language of the statute is clear. It provides that indigent persons who are indicted for a capital offense will be provided "court appointed counsel having no less than five years' prior experience in the active practice of criminal law." The term "indictment" is defined as "an accusation in writing presented by the grand jury of the county, charging a person with an indictable offense." Ala. Code 1975, § 15-8-1. Thus, to be eligible for appointed counsel having at least "five years' prior experience in the active practice of criminal law," a person must be: (1) indigent and (2) indicted for — i.e., charged with or accused of — a capital offense. Clearly, the Legislature, by enacting this provision, intended that an indigent defendant charged with a capital offense have experienced appointed counsel at all critical phases of the initial adjudicative process for which a defendant is entitled to effective assistance of counsel. Strickland v. Washington,466 U.S. 668, 686 (1984); Gardner v. Florida, 430 U.S. 349, 358 (1977);Williams v. Turpin, 87 F.3d 1204, at 1209 (11th Cir. 1996).
This interpretation is supported by the language of related statutes, which, construed in pari materia, clearly indicate a legislative intent to provide experienced representation through sentencing proceedings.See Ala. Code 1975, §§ 13A-5-45 through 13A-5-47. Kirkland v. State,529 So.2d 1036, 1038 (Ala.Crim.App. 1988) ("When ascertaining legislative intent, statutes which are in pari materia . . . must be interpreted as a whole in light of the general purpose of the statute"); Burton Mfg. Co.v. State, 469 So.2d 620, 623 (Ala.Civ.App. 1985) ("Statutes dealing with the same subject being construed (statutes in pari materia) are a form of extrinsic *Page 11 
aid deemed relevant as to how a statute should be interpreted and applied.").
Thus, we conclude that a capital defendant is clearly entitled to the representation called for by § 13A-5-54 at all stages of the trial, including sentencing and other critical posttrial proceedings. This conclusion, while logically flowing from the plain language of the statute, does not, however, end our inquiry as to when an indigent charged with a capital offense has a right to counsel under § 13A-5-54, because Berryhill argues that even on appeal he was entitled to the experienced counsel provided by that statute.
The cardinal rule in statutory construction is to give effect to the legislative intent as clearly expressed in the statute or as may be inferred from the language used as well as from the reason for the act.McClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299 (Ala. 1991). The legislative act that provided Alabama's capital-punishment provisions, Act No. 81-178, Ala. Acts 1981 (hereinafter the "Act"), provided that persons charged with certain crimes are, upon conviction, subject either to a sentence of life imprisonment without parole or to a sentence of death. Ala. Code 1975, § 13A-5-39 et seq. The obvious reason the Legislature required appointment of experienced counsel was to ensure that persons subject to the most severe form of punishment are provided with competent and effective representation. Simply stated, the Legislature sought to protect the rights of indigents charged with capital offenses by providing them with experienced advocates.
Historically, courts have emphasized the importance of appellate review:
 "The need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to [the] appellate stage. Both stages . . ., although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently [overlooked]."
Penson v. Ohio, 488 U.S. 75, 85 (1988).
 "In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that — like a trial — is governed by intricate rules that to a layperson would be hopelessly forbidding."
Evitts v. Lucey, 469 U.S. 387, 396 (1985). Therefore, the constitutional right to effective assistance of counsel applies to appellate proceedings. Id., 469 U.S. at 398 (criminal defendants have constitutional rights to effective counsel during the first appeal as of right); see
Williams v. Turpin, 87 F.3d 1204, 1209 (11th Cir. 1996).
However, read in pari materia with related statutes, § 13A-5-54
does not indicate that the Legislature intended the representation called for by that statute to be required in all appeals from convictions of capital offenses. In fact, a systemic review of the Act indicates the Legislature was particularly concerned with providing experienced representation only in the context of possible or imminent application of the death sentence.
For example, the Act provides for an automatic appeal and for a stringent review of a capital case, but only if the sentence of death has been imposed. See Ala. Code 1975, § 13A-5-53 and § 13A-5-55. Moreover, the title to the Act specifically states that one of its purposes is "to provide for appellate review of convictions *Page 12 
and sentences in cases in which defendants are sentenced to death." Act No. 81-178 (emphasis added). See Jordan v. Reliable Life Ins. Co.,589 So.2d 699, 702 (Ala. 1991) ("the title of an act may serve as an aid to statutory interpretation"). In this instance, there is simply no language, either in the Act or in its history, to support Berryhill's contention that the representation called for by § 13A-5-54 is required in appellate proceedings following the conviction of a defendant who has not been sentenced to death.[1]
Based on the plain language of § 13A-5-54 and on the general purpose of the Act from which that Code section was taken, we conclude that the requirements of that Code section apply only to appellate representation for a defendant who has been sentenced to death, upon the first appeal as of right. We make this interpretation based upon the Court's duty to strictly interpret statutes and, at the same time, to produce a logical and rational result. Of course, if the Legislature intended a different result, then it can amend § 13A-5-54 to more clearly or more specifically define the rights of indigent defendants charged with capital offenses to experienced appointed counsel on appeal.
AFFIRMED.
Houston, See, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
Brown, J., recuses herself.*
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.
[1] Berryhill's interpretation — if adopted — would require representation pursuant to § 13A-5-54 for defendants sentenced to life without parole upon conviction of a capital offense, while not requiring the same representation for those convicted and sentenced to life without parole pursuant to other statutory provisions. See, e.g., the Habitual Felony Offender Act, Ala. Code 1975, § 13A-5-9. It would seem the Legislature would not have intended such an inconsistency.