COBB, Chief Justice
(dissenting).
Laura Wilson had the misfortune of being one of the first teachers whose termination under the Teacher Tenure Act, § 16-24-1 et seq., Ala.Code 1975, was scrutinized by the appellate courts of Alabama since the Teacher Tenure Act was drastically amended by the legislature in 2004. See Act No. 566, Ala. Acts 2004. In April 2005, the Madison County Board of Education (“the Board”) terminated Wilson’s employment as a tenured physical-education teacher at Buckhorn High School. Pursuant to § 16-24-10 Wilson appealed her termination, and after receiving ore tenus and documentary evidence, the hearing officer ordered that Wilson be returned to her teaching position and that no discipline be imposed.[1] The Board appealed to the Court of Civil Appeals pursuant to § 16-24-10(b), Ala.Code 1975, and the Court of Civil Appeals “reverse[d] the hearing officer’s decision and remanclfed] the cause for the parties to conduct another hearing consistent with the provisions of the Teacher Tenure Act.” Madison County Bd. of Educ. v. Wilson, 984 So.2d 1153, 1160 (Ala.Civ.App.2006). Wilson then petitioned this Court for a writ of certiorari. Wilson’s petition was granted, and this Court affirmed the judgment of the Court of Civil Appeals. See Ex parte Wilson, 984 So.2d 1161 (Ala.2007). I dissented from this Court’s judgment in that matter, and I dissent now.
This case, unfortunately, has become a procedural quagmire. In affirming the judgment of the Court of Civil Appeals, this Court stated: “The new hearing shall be conducted pursuant to the provisions of the new [Teacher Tenure] Act[, § 16-24-1 et seq.].” Ex parte Wilson, 984 So.2d at 1171. Wilson did not sleep on her rights. She attempted to secure the new hearing that this Court ordered. Upon receipt of this Court’s judgment, the hearing officer contacted Wilson and the Board and suggested dates for a new hearing. The *160 Board, however, notified Wilson that, because the matter had been remanded for a new hearing pursuant to the provisions of the Teacher Tenure Act, it was arguing that a new hearing officer must be selected for the new hearing. The Board premised its contention on § 16-24-10(a), Ala.Code 1975, which states that “the hearing officer shall be selected as provided in subsection (b) of Section 16-24-20.” Wilson disagreed and asserted that the matter had been remanded to be heard by the original hearing officer. Because Wilson refused to consent to a new hearing officer, the Board deemed that she had waived her rights to a new hearing and ceased paying her salary. Wilson appealed to the chief administrative law judge of the office of administrative hearings in the office of the Alabama Attorney General pursuant to § 16-24-21, Ala.Code 1975. The administrative law judge determined that he lacked jurisdiction over the dispute and dismissed Wilson’s appeal. On March 25, 2008, Wilson filed a motion for clarification with the Court of Civil Appeals, asking that court to clarify whether a new hearing officer is required on remand. The Court of Civil Appeals placed the case on rehearing ex mero motu on April 22, 2008; however, on August 29, 2008, that court withdrew its order. Wilson now petitions this Court to issue a writ of certiorari to the Cpurt of Civil Appeals or, in the alternative, for a writ of mandamus.
The language used by the Court of Civil Appeals in originally remanding the case and by this Court in affirming the judgment of the Court of Civil Appeals doing so could have led to two reasonable interpretations: the new hearing was to be held before the original hearing officer or the new hearing was to be held before a new hearing officer. It was the responsibility of the Court of Civil Appeals to clai’ify its remand order, even though the posture of this case was complicated, to say the least. This posture, however, was not created by the parties but instead by the Court of Civil Appeals and this Court.
Consequently, I agree wholeheartedly with Judge Bryan in his writing dissenting from the Court of Civil Appeals’ withdrawal of its order placing this case on rehearing ex mero motu. I, too, believe that the Court of Civil Appeals erred when it failed to retain this matter on rehearing ex mero motu to respond to Wilson’s motion for clarification. As Judge Bryan stated:
“ ‘The cardinal rule in statutory construction is to give effect to the legislative intent as clearly expressed in the statute or as may be inferred from the language used as well as from the reason for the act.’ Ex parte BerryhiU, 801 So.2d 7, 11 (Ala.2001) (emphasis omitted). I note that the legislature, in amending the [Teacher Tenure] Act in 2004, intended ‘to streamline the contest and appeal processes for teachers.’ Title to Act No. 2004-566, Ala. Acts 2004. Remanding the case for a new hearing before the original hearing officer would be consistent with this intention and would be judicially efficient, whereas holding a hearing before a new hearing officer unfamiliar with the case would undermine this intention. Further, § 16-24-10(b) permits this court to remand the case for ‘another hearing,’ but that section does not mention ‘another hearing officer.’ Accordingly, I interpret that portion of the Act calling for ‘another hearing’ as requiring remand to the original hearing officer for a new hearing.
“Because I would place the appeal on rehearing ex mero motu in order to clarify this court’s intention that the original officer should conduct the hearing on remand, I respectfully dissent.”
*161 Madison County Bd. of Educ. v. Wilson, 14 So.3d 157 (Ala.Civ.App.2008) (Bryan, J., dissenting).
Wilson has sought redress in every reasonable manner in seeking an answer to the question whether a new hearing officer is required on remand, and I believe she and the Board are entitled to an answer.
I agree with Justice Smith that the parties have not conducted the “ ‘hearing consistent with the provisions of the Teacher Tenure Act’ ” on remand as ordered by the Court of Civil Appeals. 14 So.Sd at 157 (Smith, J., concurring specially). This is a hearing to which Wilson is entitled, and that right should not be thwarted by the Board’s alternative interpretation of our judgment and the judgment of the Court of Civil Appeals. I believe that Wilson should demand a hearing before the original hearing officer. Should the hearing officer refuse to conduct such a hearing, she should petition the Court of Civil Appeals for a writ of mandamus. If, however, the original hearing officer schedules the hearing and the Board is still of the opinion that a new hearing officer is required, the Board then may petition the Court of Civil Appeals for a writ of mandamus. In either situation, the issue would be squarely before the appellate courts.
However, I remain convinced that the Court of Civil Appeals should have provided the relief Wilson sought. Therefore, I respectfully dissent.

. The Board terminated its contract with Wilson pursuant to which she also served as the cheerleading coach at Buckhorn High School. Wilson conceded that she possessed no right to contest the cancellation of that contract.