# State *ex rel.* Reynolds *v.* Weaver, Judge.

## *Mandamus.*

(Decided May 19, 1910. 52 South. 638.)

*Bail; When Entitled After Conviction.*—A person convicted of murder in the second degree and sentenced to fifteen years imprisonment in the penitentiary is not entitled to bail pending appeal. Acts 1909, Special Session, page 62 confers that right in all cases except where the punishment is fixed at death or imprisonment in the penitentiary for five years or more.

Original petition in the Supreme Court.

[State, ex rel. Reynolds v. Weaver, Judge.]

Petition for mandamus by the state on the relation of William P. Reynolds directed to Hon. Samuel L. Weaver as judge to compel him to admit relator to bail, pending an appeal to the Supreme court. Writ denied.

ALLEN & BELL, for petitioner. Counsel insist that under Acts 1909, (S. S.) p. 62, that petitioner is entitled to bail pending his appeal and that as the judge trying the cause had denied it, his only remedy is by an application to this court for mandamus to compel the judge to fix his bail, but they cite no authority in support of their contention.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State. The applicant does not fall within the class to whom bail is allowed pending appeal under Acts 1909, (S. S.) p. 2, he having been convicted of murder in the second degree and sentenced to the penitentiary for fifteen years; there is no other authority than this act for admission to bail in Alabama.

McCLELLAN, J.—The evident intent in the enactment of the amendatory act approved August 24, 1909 (Gen. Acts Sp. Sess. 1099, p. 62), was to confer the right to bail pending appeal upon all save two classes of defendants, viz., those under sentence of death and those under sentence for terms longer than 5 years. The petitioner's conviction was of murder in the second degree, and he was sentenced to imprisonment for a term of 15 years. He is not among those entitled to bail under the act cited, and hence his prayer for mandamus to effect his bail pending appeal must be denied.

Mandamus denied.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.