[Ex parte Byrd.]

# *Ex Parte* Byrd.

### *Mandamus.*

### (Decided Feb. 17, 1911. 55 South. 203.)

1. *Bail; Pending Appeal; Judge of Court.*—Acts 1909, p. 62, amending section 6262, Code 1907, in referring to the judge or court has reference to the supreme or appellate judge or court issuing the writ of error.

2. *Same; Criminal Prosecution; Statutory Provision.*—Construing together the provisions of chapter 162, Code 1907, it is held that the act of 1909, amending section 6262, Code 1907, has no application to appeals in ·felony cases. (This rule has been changed by Acts 1911.)

3. *Statutes; Title; Beginning of Section.*—The title at the beginning of a section of the Code is not a part of the section, and a change thereof will not affect the construction to be placed on the section from its positions and relation to other ·existing sections. (McClellan, J., dissents.)

Original petition in the Supreme Court.

Petition of M. B. Byrd for mandamus directed to Hon. H. A. Pearce, Judge, to show cause why he should not admit James S. Gardner to bail pending an appeal. Writ denied.

No counsel marked for petitioner.

H. A. PEARCE, pro se. In amending section 6262 of the Code, the legislature providing for bail only in cases of writs of error, and made no provision for the judge trying the case to admit a defendant to bail who had been convicted of a felony, and had taken an appeal. The section amended means that the judge or the court issuing the writ of error is the only judge or court with authority to direct the clerk to admit the bail. The mandamus should, therefore, be denied.

SIMPSON, J.—This is a petition for a mandamus to the judge of the circuit court to show cause why he should not permit James S. Gardner to be released from custody on executing a bail bond.

The petition alleges that said Gardner was convicted of the offense of obtaining money under false pretenses, at the fall term, 1910, of the circuit court, and sentenced to a term of four years in the penitentiary; that said Gardner gave notice of an appeal to this court, whereupon the sentence was suspended, and the court fixed the amount of bail at $1,000; and that, after the adjournment of said court, the judge thereof refused to allow said defendant to be released on bond, and so instructed the sheriff.

The respondent, waiving service, answers, admitting the facts set forth in the petition, except that he denies that the order setting aside the order for bail was made by the judge: and states that it was made by the court, and not by the judge.

Chapter 162 of the Code of 1907, treats of "Appeal and Writ of Error." Article 1 of said chapter treats of "Appeal," and article 2 of "Writ of Errors." Section 6249 of article 1 provides that "when any question of law is reserved in case of felony and it shall be made known to the court that the defendant desires to take an appeal to the Supreme Court, judgment must be rendered against the defendant, but the execution thereof must be suspended pending the appeal and the defendant held in custody," etc.; and section 6250, in the same article, provides for admitting to bail defendants convicted of a misdemeanor, and there is no section in said article 1 providing for bail in case of a conviction for felony. Section 6262, in article 2, originally provided for bail only in cases of conviction for a misdemeanor, but by act approved August 24, 1909, said section was amended so as to allow bail in all cases where the im-

prisonment does not exceed five years, and directs that "the judge or court must also direct the clerk of the court in which conviction was had to admit the defendant to bail," etc. Acts 1909, p. 62.

It is evident that the "judge or court" mentioned refers to the Supreme judge or court issuing the writ of error.

This section, as amended, stands in the article just as if it had been originally so worded, and remains still a part of the article in regard to writ of error, having no application to a case in which an appeal has been taken.

The title at the beginning of each section is not a part of the section, and the mere title being changed cannot affect the divorcement of the section from the article in which it is included, especially while article one has a section unrepealed, providing distinctly to whom bail shall be granted in case of appeal. In the case of *State ex rel. Reynolds v. Weaver,* 167 Ala. 672, 52 South. 638, this court properly held that the defendant, having been sentenced to imprisonment for 15 years, was not entitled to bail, which he would not have been under either section. The court did not pass upon the propositions involved in this case.

The writ of mandamus is denied.

DOWDELL, C. J., and MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.

McCLELLAN, J. (dissenting).—The basis of the writer's disagreement with the prevailing view in this proceeding cannot be better stated than by setting opposite each other Code, § 6262, and the amendatory act of August 24, 1909 (Acts Sp. Sess. 1909, p. 62), and by italicizing such words in each as unmistakably evince the legislative intent to confer the right to bail in cases within the terms of the amendatory act as respects the

[Ex parte Byrd.]

degree or duration of the punishment on persons convicted who appeal from the judgment of guilt, and not to restrict the right, as formerly, to cases where writ of error is the mode employed to invoke review of that judgment:

6262. (4331) (4520) (4988) In case of misdemeanor, defendant bailed. If the conviction is for an offense which. is. punishable by a fine, or by imprisonment in the county jail, or by hard labor for the county, the judge or court *awarding the writ* must also direct the clerk of the court in which the conviction was had to admit the defendant to bail in a sum to be prescribed by such judge or court, with sufficient sureties, conditioned for his appearance at the next term of the court in which the conviction was had, to abide such judgment as may be rendered *on the writ of error.*

No. 111) An Act (H. 266 To amend section 6262 of the. Code of Alabama.

Be it enacted by the Legislature of Alabama, that section 6262 of the Code of Alabama be amended so as to read as follows: 6262. Defendant's Bail *on Appeal.*—If the conviction is for an offense which is not punished capitally or by imprisonment for a term not exceeding five years, the judge or court must also direct the clerk of the court in which the conviction was had to admit the defendant to bail in a sum which may be prescribed by the court with sufficient sureties, conditioned for his appearance at the next term of the court in which the conviction was had and from term to term thereafter, *to abide such judgment as may be renlered on the appeal,* and the provisions of this act

shall also apply to convic-
tions already had in the
courts in this state.

Approved August 24,
1909.

In *State ex rel. Reynolds v. Weaver,* 167 Ala. 672, 52
South. 638, it was expressly ruled, construing the
amendatory act, that its intent was "to confer the right
to bail *pending appeal* upon all save two classes of de-
fendants. * * * (Italics supplied). Indeed, this
interpretation was, as readily appears, but the reitera-
tion of the terms of the amendatory act.

Code, § 6262, before amendment, bore this caption or
heading: "In case of misdemeanor, defendant bailed."
The body of the statute plainly limited the right to bail
to cases where writ of error issued under the authority
of Code, § 6258. Indeed, in the last two lines of section
6262, it was provided that the condition of the bail bond
should be "to abide such judgment as may be rendered
on the *writ of error.*" (Italics supplied.) Having this
plain statutory status before it, the Legislature entered
upon its amendment. In so doing it provided "that
section 6262 * * * be amended so as to read as
follows: 6262. Defendant's Bail on Appeal," thereby
expressly treating and accepting the caption or head-
ing as a part of the section (original section 6262)
making it a part of the amendatory act, and altering it
(caption or heading) from, "in case of misdemeanor,
defendant bailed," to "defendant's bail on appeal." Not
content with this significant change of original section
6262, but pointedly conforming the section as amended
to the plain intent shown by the alteration of the cap-
tion or heading of original section 6262, it was written,
in the fourth and fifth lines (from the end) of the
amendatory act, that the condition of the bail bond

should be "to abide such judgment as may be rendered
on the appeal," thereby substituting the words "on the
appeal" for the words, in original section 6262, "on the
writ of error." And this is not all. The words of orig-
inal section 6262, "awarding the writ," were not in-
cluded or brought forward into section 6262 as it stood
or stands after the adoption of the amendatory act. The
majority give controlling effect resulting in the denial
of bail to this petitioner—convicted of a felony and sen-
tenced to four years in the penitentiary—(a) to the
fact that Code, § 6249, provided that in felony cases,
when the convict appeals, the defendant should be held
in custody; and (b) to the fact that original section
6262 was, as codified in 1907, placed under the article
headed, "Writ of Error," and not under the just pre-
ceding article headed, "Appeal," and treating and ac-
cepting the amendatory act as being substituted for
original section 6262 under the heading, "Writ of Tr-
ror," from which it is concluded that bail, on appeal,
was not provided by the amendatory act. It is clear
that, if the amendatory act does not contemplate and
provide for bail on appeal, it is a nullity. It cannot be
read as conferring or retaining the right to bail pend-
ing the decision of writ of error, since terms expressive
of that intent in original section 6262 were stricken out,
as pointed out before, in the amendatory act. The act
must prevail as establishing the right to bail on appeal,
else it is without effect. Indeed, if the amendatory act
means no more than the majority hold it to mean, then
its adoption had no effect whatever. Code, § 6249,
wherein it provides for the retention in custody of the
felony convict who appeals, affords no reason to hold so
plain an (amendatry) act as that in hand to be utterly
ineffectual. On the contrary, the amendatory act, if it
is in conflict with section 6249 in this record, must pre-

vail; and so repealed by implication that feature of section 6249.

. When the amendatory act is read according to its obvious intent, it cannot be held that the terms "judge or court," employed therein, have reference to the authority by which writ of error may be issued. Bail pending the determination of writ of error is not provided for in the amendatory act. Bail pending appeal was and is its purpose. The fact that original section 6262 was codified under the article entitled "Writ of Error," instead of under "Appeal," cannot be a factor in the construction of so plain an enactment as this amendatory act. If the codification (of 1907) had been made after the amendatory act was adopted, there can be no doubt that it would have been arranged under the heading "Appeal," for to that alone do its provisions refer. However, it is accepted "that the grouping of provis-. ions in an extended statute, a code, or a revision of laws. is, in general, designed for" convenience of reference, not intended to control the interpretation; "or at most, it may be regarded as indicating the opinion of the draughtsman, the legislators, or codifiers as to the proper classification of the various branches of the enactment, which may or may not be accurate. The mere classifications can scarcely be deemed a part of the law."—Endlich on Int. of Stat. § 70. The observations in the majority opinion on this subject, and the influence accorded the code arrangement, are not consistent with the law as the writer finds it. That the heading to the new section 6262, viz., "Defendant's Bail on Appeal," affixed thereto, and becoming thereby a part of the new section, by the amendatory act, may and should be considered in interpreting the amenda-. tory act, is, in the writer's opinion, well settled.—26 Am. & Eng. Ency. Law, pages 629, 630; *Blakeney v.*

*Blakeney,* 6 Port. 109, 119, 30 Am. Dec. 574; *White v. Levy,* 91 Ala. 175, 8 South. 563.

The writ of mandamus should, in the writer's opinion, be granted.