146 So. 617

## LOVE v. RIDDICK.
### 8 Div. 298.

Supreme Court of Alabama.
March 9, 1933.

Cooper & Cooper, of Huntsville, for appellant.

Taylor, Richardson & Sparkman, of Huntsville, for appellee.

ANDERSON, Chief Justice.

The only objection and exception to the ruling upon the evidence relates to the testimony of the witness, Watson, as to a warrant issued by Norwood under which he made the search, but which was subsequently lost. He testified that it was placed in the files of the office, but was lost and he made no return to Mr. Norwood. The only objection made was "the warrant was not returned to the Justice of the Peace." The fact that the warrant was not subsequently returned did not destroy its validity or prevent a justification of the search made thereunder.

The exception to the oral charge of the court is too abstract and is misleading. It states, "a warrant to search the premises of Joel, Henry and Press Love would authorize the search." It ignores the hypothesis laid down in the charge that Press was the husband of the plaintiff, and, if the other two were her sons, and lived there as a part of the family, that the warrant would justify the search, although it was the home

of the plaintiff and she had the legal title to the property, and this part of the charge, even if properly excepted to, was free from error.

▮▮ The motion for a new trial is based on the validity and sufficiency of the search warrants. There was no objection during the trial to said warrants, other than the one above noted, and such objections cannot be raised for the first time by a motion for a new trial. Moreover, the action of the trial court cannot be reviewed for the reason that the bill of exceptions fails to show an objection and exception thereto. An exception does appear upon the record proper, but that is not sufficient. Powell v. Folmar, 201 Ala. 271, 78 So. 47, Central of Georgia R. R. v. Wilson, 215 Ala. 612, 111 So. 901, and many cases there cited.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.