337 So.2d 773 (1976)
Thomas TAYLOR
v.
STATE.
6 Div. 924.
Court of Criminal Appeals of Alabama.
May 4, 1976.
Rehearing Denied June 1, 1976.
Ronald H. Strawbridge, Vernon, Fite, Davis & Fite, Hamilton, for appellant.
William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State, appellee.
*774 BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Felony indictment and jury's conviction for larceny of some automobile accessories. The trial court imposed sentence of imprisonment for five years. This appeal is from the judgment.
Appellant filed a pretrial motion to suppress the fruits of a search that violated his constitutional rights, both federal and state. The Fourth Amendment, Constitution of the United States, prohibits unreasonable searches and seizure; and with like effect is Article 1, § 5, Alabama Constitution, 1901.
Evidence on the preliminary motion to suppress was taken orally before the court and outside the presence of the jury. The trial court thereupon overruled the motion, and on the trial, free of objection on constitutional grounds, admitted the fruits of the search and seizure in evidence and also identifying evidence of the seized accessories.
It appears from the evidence on the motion to suppress that the chief of police of Sulligent, along with two other supporting officers, who were present at the chief's request, went to the trailer (mobile) home of defendant, who was there at the time; that the chief made known to defendant that he had a search warrant and proceeded to search the premises and found two automobile tires and two wheels, described in the indictment, leaning up against the mobile home. Both were covered up and hidden from view.
It appears further that the chief of police was dead when the motion to suppress was heard. It further appears that the purported search warrant in possession of the officers was lost, although search had been made therefor, and was not available. There was no evidence adduced by the State as to the contents of the instrument in the hands of the officer at the time he appeared at defendant's home. There was no evidence as to the contents of any affidavit, if there was one, that authorized the issuance of a search warrant. For aught appearing, the instrument in the hands of the chief of police was a nullity and the search and seizure violated defendant's constitutional rights and was without authority of law.
Under such circumstance, the court committed error in overruling the motion to suppress the evidence. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.
Defendant's right of privacy guaranteed by the Fourth Amendment, Federal Constitution, supra, is enforcible against the States through the due process clause of the Fourteenth Amendment. Mapp v. Ohio, supra.
Appellee (the State) here asserts that Carpenter v. State, 42 Ala.App. 618, 174 So.2d 336, supports its contention in its brief here filed that as a matter of law and procedure the accused's failure to object on constitutional grounds to the admissibility of the accessories and identifying evidence at the trial constituted a waiver on the part of the accused, and the fact that the motion had been overruled did not relieve accused or his counsel from the duty of objecting at the trial to the admissibility of the evidence on the ground that it was obtained by unreasonable search and seizure.
The court in Carpenter referred to the federal rule as stated in Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321:
"` * * * It is quite true generally that the overruling of a pretrial motion to suppress the use at the trial of particular evidence preserves the point and renders it unnecessary again to object when such evidence is offered at the trial. * * * But the rule is one of practice and is not without exceptions, nor is it to be applied as a hard-and-fast formula to every case regardless of its special circumstances.'"
In Carpenter, this Court further observed:
"Even if we followed the Federal rule (to which Cates, J., inclines), we would hold that under the special circumstances of this case an objection at the trial was necessary to preserve error for review in this court, since appellant failed to establish *775 by any testimony whatsoever in the hearing on his pretrial motion that this money was obtained by an invasion of his right to privacy."
Thus it appears that defendant in Carpenter failed to prove by any testimony at the hearing on the motion to suppress that the money seized from Carpenter's person was the result of an invasion of privacy. In the absence of such proof, the trial court was fully justified in overruling the motion to suppress.
The legality of the search of Carpenter, upon whom the alleged stolen money was found, was never before the trial court prior to trial for that the defendant failed to establish illegality by any testimony whatsoever, thus, there were special circumstances.
This Court further observed in Carpenter:
"Although appellant objected to `anything concerning this money' after Officer Hutchins testified that he had taken the money from appellant's person, this did not, under the circumstances of this case, relieve appellant of the duty of objecting to evidence offered subsequent to this objection concerning the money, on the specific ground that the money was obtained by unreasonable search and seizure. Thus, no error can be predicated on the introduction of Mr. Weaver's testimony, since it was not objected to on the specific ground that it was obtained by unreasonable search and seizure. Further, we are of the opinion, that appellant's rights were not violated by the introduction of Weaver's testimony, since the fact that the money was obtained by a search of the appellant's person at the time of his arrest was put in evidence prior to this evidence, without objection.
"We conclude that no error resulted in the introduction of evidence which allegedly was obtained by unreasonable search and seizure."
We think that it was unnecessary under the facts and rulings in Carpenter for this Court to observe:
"We are of the opinion that the better rule is that, as a matter of law and procedure, the accused's failure to object to the admissibility of evidence at the time it is presented by the prosecution constitutes a waiver on the part of the accused, and the fact that preliminary motions for suppressing evidence and quashing warrants or affidavits have been overruled by the court does not relieve the accused or his counsel from the duty of objecting at the trial to the admission of evidence on the ground that it was obtained by unreasonable search and seizure. . . ."
It is to be noted that when Carpenter was decided, this Court was composed of three judges, one of whom did not sit, and the other was inclined to favor the Federal rule, leaving only one member of the Court in harmony with the observation, supra, as to the better rule.
We hold that once the court has ruled on a motion to suppress, supported by competent evidence as to the validity vel non of the search and seizure, it is not necessary for the defendant again at the trial to object to the evidence on constitutional grounds, and that the failure to do so does not constitute a waiver. The ruling on the motion preserves the point. In other words, we adhere to the Federal rule in Lawn, supra. No special circumstances existed as in Carpenter. Any pronouncement in Carpenter contrary to the holding in the preceding paragraph is overruled.
For the error, supra, in overruling the motion to suppress and in admitting at the trial identifying evidence concerning the seized accessories, we reverse the judgment and remand the cause.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
CATES, P. J., and TYSON, BOOKOUT, JJ., concur.
*776 HARRIS, J., concurs in the result.
DeCARLO, J., dissents.
DeCARLO, Judge (dissenting).
I am not willing to overrule Carpenter, supra, under the facts of this case.
During the suppression hearing and trial, no objections were made to any testimony concerning the search. In this posture the present facts seem to parallel those of Carpenter. Due to the unique circumstances outlined in the present matter, the requirement of a timely objection is reasonable.
I respectfully dissent.