This is an appeal from a conviction of the unlawful possession of marijuana and a two year sentence.
This case was tried before a judge sitting without a jury and the facts were stipulated. On December 30, 1976, officers of the Birmingham Police Department, armed with a search warrant, entered Compartment E-28 at the Lock-it and Pocket Warehouse in Birmingham, Alabama. Inside they found 117.32 pounds of marijuana. This compartment was rented by the appellant who was arrested that same day. In his possession was a key which fit the lock on this compartment.
The only question raised on appeal is the validity of the search warrant which was issued on December 30, 1976, but not returned until April 4 or 5, 1977. The appellant contends that the trial court erred in denying his motion to suppress the fruits of the search where the officers executing the search warrant failed to execute and return the warrant within ten days.
The controlling statute appears in the Code of Alabama 1940, Recompiled 1958 as follows:
 "Title 15, Section 111. Warrant returned in ten days, else void. — The warrant must be executed and returned to the magistrate by whom it was issued, within ten days after its date; and after that time, if not executed, it is void."[1]
The search warrant itself stated that the executing officers "are hereby commanded to make a return of this writ within ten days as required by law".
In Love v. Riddick, 226 Ala. 234, 146 So. 617 (1933), the objection was made that the search warrant was not returned to the Justice of the Peace. The officer executing the warrant testified that he made no return of the warrant and in fact lost it. The court found that "[t]he fact that the warrant was not subsequently returned did not destroy its validity or prevent a justification of the search made thereunder". The identical code section was in effect at that time. Vol. 2, Section 5482, Code of Alabama 1923.
While there is authority to the contrary, the general rule in this regard is stated in 79 C.J.S. Searches and Seizures § 84, at p. 906:
 "While it is the duty of the officers executing a search warrant to make a return thereof in the manner provided by law, as a general rule the failure of an officer to make a return of a search warrant properly issued and served will not invalidate *Page 1183 
the search warrant, or a search and seizure made thereunder, even where the statute requires the return within a certain time, the return being merely a ministerial act, which may be performed later, at least within a reasonable time."
In State v. Sherrick, 98 Ariz. 46, 402 P.2d 1, cert. denied,384 U.S. 1022, 86 S.Ct. 1938, 16 L.Ed.2d 1024 (1965), the Arizona Supreme Court noted:
 "One other questionable matter is brought to our attention; that the inventory and return of the warrant was not until approximately sixty days after it was issued and executed. This procedure is claimed to be violative of A.R.S. § 13-1448. While the return should have been made within ten days under that statute, failure to comply in this regard is not fatal, as it was clearly executed within ten days and the statute states: `After the expiration of that time, the warrant shall, unless executed, be void.'"
The Arizona statute § 13-1448 read:
 "A search warrant shall be executed and returned to the magistrate who issued it within ten days after its date. After the expiration of that time, the warrant shall, unless executed, be void."
See also State v. Tillery, 107 Ariz. 34, 481 P.2d 271, cert. denied, 404 U.S. 847, 92 S.Ct. 151, 30 L.Ed.2d 84 (1971), for this same proposition.
The appellant emphasizes that the title of Section 111 states that "warrant returned in ten days, else void". He contends that this supports his construction of that section and requires that the warrant be returned within ten days or else it is void. The title at the beginning of each section of the Code is not a part of the section. Ex parte Byrd, 172 Ala. 179,55 So. 203 (1911); Hatas v. State, 278 Ala. 65, 175 So.2d 759
(1965). Though the title may explain what is doubtful and is an available aid to the removal of ambiguity and uncertainty in the enacting clause, it cannot control or contradict what is contained in the body of the section or act. Bartlett v.Morris, 9 Port. 266 (1839); Hamrick v. Thompson, 276 Ala. 605,165 So.2d 386 (1964). Section 111 clearly states that if a warrant is not executed within ten days after its date of issuance it is void. Though it also states that the warrant must be executed and returned within ten days it does not provide for the invalidation of the warrant upon its failure to be returned.
The appellant has shown no prejudice by the failure to return the warrant within ten days. There is no dispute over the location, identification, or quantity of the marijuana seized. The legality and propriety of the search and seizure have not been contested except for the failure to return the warrant. There is no contention of impropriety in either the actual search or seizure. The record and assertions of the appellant support nothing more than a finding that the failure to return the warrant was due to the inadvertence or forgetfulness of one police officer. No willful or deliberate conduct has been alleged in this regard.
The appellant contends that to excuse the omission in this case will be to encourage poor law enforcement techniques, dilute the effective administration and constitutionally secured scheme for the administration of search warrants, and promote disregard for judicial orders in the implementation of procedural safeguards. The failure to return the warrant was due to inadvertence. No actual police misconduct is charged. It has not been alleged that the state gained any advantage or that the appellant was in any manner disadvantaged by the failure of return within ten days. The particular conduct in this case is not that which is amenable by judicial decree or warrants the relief sought.
Therefore we hold that the failure to execute and return a warrant within ten days does not invalidate the search and seizure or render inadmissible into evidence the fruits seized under that warrant which was executed within the ten-day period after *Page 1184 
its issuance as required by Title 15, Section 111, Code 1940 (now Section 15-5-12, Code 1975). We have searched the record for error and, finding none, affirm the judgment of the trial court.
AFFIRMED.
All Judges concur.
[1] On October 31, 1977, Section 111 became Section 15-5-12, Code of Alabama 1975 which is as follows:
 "§ 15-5-12, Warrant to be executed and returned within 10 days. — A search warrant must be executed and returned to the judge or the magistrate by whom it was issued within 10 days after its date; if not executed after such, it is void."