BOWEN, Judge.
Thomas Steven Heflin was indicted for trafficking in cannabis and for possession of the controlled substance diazepam. This is an appeal by the State from the order of the trial court granting the defendant's motion to suppress the controlled substances found in his motel room, in his absence, pursuant to the execution of a search warrant. The issue on appeal is whether the failure to give a copy of the search warrant and the inventory to the defendant at the time of the search or to leave a copy of the search warrant and the inventory at the premises searched requires the suppression of the contraband seized pursuant to the execution of the search warrant.
Rule 3.11, A.R.Crim.P., provides:
“(a) Receipt. The law enforcement officer taking property under the search warrant shall give to the person from whom or from whose premises the property was taken or shall leave at the place from which the property was taken a copy of the search warrant endorsed with a copy of an inventory of the property taken.
“(b) Return and Inventory. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the person from whose possession or premises the property was taken, if that person is present, and shall be verified by the law enforcement officer executing the search warrant. The judge or magistrate shall, upon request, deliver a copy of the inventory to the person from whom or from whose premises the property was taken. The executing law enforcement officer may discharge his obligation to give receipt of property by leaving a copy of the inventory at the place from which the property is taken if no one is present.”
Here, neither a copy of the search warrant nor a copy of the inventory was left at the place from which the property was taken.
In granting the motion to suppress, the trial court stated:
“It is the ruling of the Court that this issue of whether there must be a copy left of the return or the warrant itself, and also a copy of what was seized, is in fact, mandatory, and not ministerial, and that the warrant must be left, and because of that, therefore, the motion to suppress is due to be granted.” R. 140.
We find that the motion to suppress was not due to be granted on this ground and reverse the judgment of the trial court ordering the suppression of the seized evidence. We hold that the provisions of Rule 3.11 are merely directory or ministerial in character, so that violation of either or both provisions does not, absent a showing of prejudice, warrant the exclusion or suppression of the evidence seized pursuant to the execution of the search warrant.
“In many jurisdictions, statutes or rules declare that an officer executing a search warrant must exhibit or deliver a copy of the warrant at the place searched. Illustrative is the federal rule, which provides that the ‘officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant * * * or shall leave the copy * * * at the place from which the property was taken.’ Provisions of this type are most desirable, as they ‘put the possibly aggrieved party on notice of the authority and purported reasons for the search, and enable him to prepare to contest it if he so desires,’ and also make it possible for him to ‘know that there is color of authority for the search, and that he is not entitled to oppose it by force.’
“Under the prevailing view, these provisions are deemed to be ministerial only, *443 so that ‘absent a showing of prejudice’ failure to comply with them does not void an otherwise valid search....
“It is rather common for court rules or statutes to provide that a receipt must be given for the things seized pursuant to a search warrant_ The reasons for giving the occupant a copy of the warrant, discussed above, ‘apply likewise to the requirement of a receipt.’ But here as well the prevailing view is that noncompliance with such a provision does not compel exclusion of the evidence obtained pursuant to the warrant. It has been noted that a defendant who does not obtain a receipt will nonetheless be able to obtain an inventory of the items taken upon application to the court.”
2 W. LaFave, Search and Seizure §§ 4.12(a) and (b) at 358-360 (2d ed. 1987) (footnotes omitted). See also Donovan v. State, 359 So.2d 1181, 1182-83 (Ala.Cr.App. 1978) (failure to make return of search warrant within required 10-day period was a ministerial act).
The judgment of the circuit court granting the defendant’s motion to suppress is reversed. This cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.