The Court of Criminal Appeals refused to review Manuel Dee Rowell's claim that the trial court improperly admitted evidence in his trial for possession of cocaine, on the ground that Rowell had failed to preserve the issue for review. After reviewing the record, we conclude that the Court of Criminal Appeals erred. We reverse and remand.
The Court of Criminal Appeals affirmed Rowell's conviction, without opinion, but in an unpublished memorandum it stated:
 "The appellant's argument that the Trial Court committed reversible error in denying his Motion to Suppress is not preserved for appellate review due to his failure to object at trial to the introduction of the evidence sought to be suppressed."
(Emphasis added.)
Rowell applied for a rehearing, and pursuant to the provisions of Rule 39(k), Ala.R.App.P., filed a motion requesting that the Court of Criminal Appeals make findings of fact that would have shown that he did, in fact, preserve for review the question of the admissibility of two items of evidence. The Court of Criminal Appeals denied both his application for rehearing and his Rule 39(k) motion.
On January 31, 1991, a team of narcotics officers with the Opelika Police Department executed a search warrant listing Rowell and two others as suspects. The warrant authorized the search of an apartment, Rowell's automobile, and any individuals present at the apartment. Pursuant to this search, the police discovered a quantity of cocaine in an automobile driven by, and partly owned by, Rowell. Rowell was arrested on the charge of possession of cocaine, in violation of §13A-12-212(a)(1), Ala. Code 1975.
Subsequently, Rowell was indicted for possession of cocaine, was arraigned, and was appointed counsel. He pleaded not guilty.
Before trial, Rowell's counsel moved for a pretrial suppression hearing and made a motion in limine to exclude a telephone pager and a sum of money that had been discovered in the search of Rowell's car. The trial judge did not conduct a pretrial hearing, or issue any ruling before trial, adverse or otherwise, *Page 824 
on the admissibility vel non of the items in question. The trial court did, however, indicate that the matters would be taken up as they arose during the course of the trial.
At trial, during the direct examination of one of the State's witnesses, counsel for Rowell raised an objection, and in response to an inquiry by the court as to the grounds of the objection, defense counsel informed the court that the State was about to go into matters that had been the subject of his earlier motion to suppress. After sending the jury out of the room, the trial court conducted a hearing as to the admissibility of the items in question.
Counsel for the defense argued that the items of evidence in question, a telephone pager and $800 in cash, were not relevant to any material element of the charge of possession against Rowell and that the introduction of those items would serve only to unduly prejudice Rowell in the eyes of the jury by portraying him as a drug dealer. The trial court overruled Rowell's objection by denying his motion to suppress with reference to the money, which had been found in a boot in the trunk of Rowell's car. The trial court indicated a desire to hear, at that time, all remaining matters relating to Rowell's motion to exclude, so that it could make a ruling and so the trial could proceed. Counsel for Rowell argued that the telephone pager would not be relevant to any charge against Rowell, and further that admitting the pager and the money would serve only to unduly prejudice him before the jury. The trial continued and the items objected to were admitted into evidence, without additional objection by defense counsel.
Subsequently, the jury returned a verdict of guilty against Rowell on the charge of possession of cocaine. After denying Rowell's application for probation, the trial judge sentenced him to six years in the penitentiary. Rowell appealed.
The only issue that we address here is whether the Court of Criminal Appeals erred in holding that Rowell did not preserve for appellate review the question of the admissibility of the pager and the money. The State contends that the court did not err because Rowell did not object to the admission of the evidence at the time it was admitted. The State relies onScott v. State, 599 So.2d 1222 (Ala.Cr.App. 1992), as authority to support the judgment of the Court of Criminal Appeals. InScott, the court, faced with a similar situation, held:
 "[T]hese issues were not correctly presented to the trial court. Before trial, the appellant moved to suppress the items that were discovered in the car, but his motion was denied after a hearing. The appellant did not make an objection at the time that two of the items were offered and received into evidence at trial and his objection to the third item was insufficient. A timely and sufficient objection is a prerequisite for appellate consideration."
599 So.2d at 1224.
However, in Smith v. State, 612 So.2d 1314 (Ala.Cr.App. 1992), the Court of Criminal Appeals overruled the above-quoted language from Scott. The court stated:
 "In Scott v. State, 599 So.2d 1222
(Ala.Cr.App. 1992), this court recently held that, in addition to a pretrial motion to suppress, an objection at trial is necessary to preserve the issue for appellate consideration. We now conclude that our holding in Scott v. State was erroneous, based upon our decision in Taylor v. State
[337 So.2d 773 (Ala.Cr.App. 1976)]. Therefore, to the extent that the decision in Scott v. State
contradicts our holding in Taylor v. State, it is overruled."
Smith, 612 So.2d at 1316.
In Taylor v. State, 337 So.2d 773, 775 (Ala.Cr.App. 1976), the Court of Criminal Appeals held:
 "We hold that once the court has ruled on a motion to suppress, supported by competent evidence as to the validity vel non of the search and seizure, it is not necessary for the defendant again at trial to object to the evidence on constitutional grounds, and that the failure to do so does not constitute a waiver. The ruling on the motion preserves the point."
In this case, Rowell filed a pretrial motion in limine and a pretrial motion to suppress the pager and the money. No pretrial rulings *Page 825 
were made on Rowell's motions; the trial court announced that the issues would be settled as they arose during the course of the trial. At trial, just as the State was about to introduce the items Rowell had previously sought to suppress, Rowell's counsel objected, reminding the trial court that these were the matters that had been the subject of his earlier motion inlimine and his motion to suppress. The adverse ruling came at the end of a thorough hearing out of the presence of the jury, during which defense counsel had stated his objections with specificity. This ruling, at trial, on Rowell's pretrial motion to suppress was sufficient to preserve the issue for appellate review and rendered it unnecessary for Rowell to object again when the evidence was admitted.
Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals and remand the cause to that Court, with directions to consider the merits of Rowell's argument. By reversing the judgment, we should not be understood as expressing any opinion on the merits of Rowell's arguments on the issue presented to the Court of Criminal Appeals.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, KENNEDY, and INGRAM, JJ., concur.
ADAMS, J., concurs in the result.