MONTIEL, Judge.
The appellant, Lige J. Tillman, was convicted in the municipal court of the City of Enterprise for having an unsanitary swimming pool, in violation of § 11-5 of the municipal code of the City of Enterprise, Alabama, Code § 11-5. See §§ 11^47-130 and 131, Code of Alabama 1975. The appellant appealed to the Circuit Court of Coffee County for trial de novo. The jury found the appellant guilty as charged. The appellant was sentenced to 30 days in the county jail, which sentence was suspended, and was ordered to pay court costs.
The testimony at trial tends to establish the following. The Alabama Department of Public Health had received complaints that the appellant’s swimming pool was contaminated. An environmentalist employed by Coffee County was sent to the appellant’s home to investigate the complaints. On the first visit, the appellant’s wife gave the environmentalist permission to inspect the appellant’s swimming pool. On a subsequent occasion, the appellant denied the environmentalist access to the swimming pool to obtain a sample of the pool’s water. The environmentalist then had a police officer escort him to the appellant’s swimming pool, where the environmentalist obtained a sample of the water. The water was allegedly green and contained mosquito larvae. The water sample was placed in a vial.
On the day of the trial, the appellant, who was acting pro se, filed a motion with the *1161 trial court requesting that the water sample be returned to him because, he says, it was unlawfully seized by the City of Enterprise because the City did not have a search warrant. The trial court treated the appellant’s motion as a motion to exclude the evidence. The appellant also moved for a dismissal of the charge.
The trial court heard the appellant’s argument and instructed the appellant that in order to prevail on his motions he needed to present evidence to substantiate his claims. The appellant did not produce any evidence, and his motions were subsequently denied. During the trial, the City of Enterprise offered water sample into evidence. When the sample was offered, the appellant did not object and the water sample was admitted.
I
The appellant first argues that the trial court erred in admitting the water sample into evidence. We disagree. “The burden of showing that his individual Fourth Amendment rights were violated rests on the person who is seeking to suppress the evidence obtained in the search.” Ex parte Cochran, 500 So.2d 1179, 1183 (Ala.1985) (citing Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). “Absent this showing, the trial court is not in error when it does not suppress evidence.” Id. At the hearing on the motion to exclude and later at trial, the appellant failed to produce evidence to show that his rights had been violated. Instead, the appellant argued that his rights had been violated without providing substantiating evidence. The trial court aptly explained that it had been presented with no evidence suggesting an unlawful search and seizure on which to grant the appellant’s pretrial motion to exclude the water sample from evidence.
The City argues that the appellant’s failure at trial to object when the water sample was offered into evidence resulted in the appellant’s failure to preserve this issue for our review. We disagree. A ruling on a pretrial motion to suppress is sufficient to preserve the issue for this Court’s review and it renders it unnecessary for the appellant to object again when the evidence is offered and admitted at trial. Ex parte Rowell, [Ms. 1911318, Dec. 11, 1992], 1992 WL 362059 (Ala.1992); Smith v. State, 612 So.2d 1314 (Ala.Crim.App.1992); and Taylor v. State, 337 So.2d 773 (Ala.Crim.App.1976).
The facts adduced at the trial concerning the taking of the water sample are conflicting. The City’s evidence tends to establish that once a police officer informed the appellant that there was a city ordinance permitting inspection of his pool, the appellant complied with the request to allow the environmentalist to take the water sample. Evidence presented by the defense through the testimony of the appellant’s daughter tended to show that the appellant objected to the sample of water being taken, but still permitted it. The appellant did not testify concerning any alleged objection he may have had to the sample’s being taken.
We have held that conflicting evidence presents a question of credibility for the trial court. Atwell v. State, 594 So.2d 202, 212 (Ala.Crim.App.1991), cert. denied, Inabinett v. State, 594 So.2d 214 (Ala.1991). In this case, the trial court ruled that the evidence was admissible after hearing the conflicting testimony presented during the trial. Although it did not specifically state that it found that the appellant had consented to the taking of the sample, the trial court admitted the water sample into evidence. The judgment of the trial court will not be reversed unless the trial court abused its discretion. Id. We hold that the trial court did not abuse its discretion in admitting the water sample into evidence.
II
The appellant next argues that the environmentalist committed fraud upon the appellant by representing to the appellant that he was employed by Dale County rather than Coffee County. The City’s evidence reflects that the environmentalist had recently transferred to Coffee County, where the appellant’s residence is located, from Dale County. As a result, the environmentalist’s business card, which he gave to the appellant, showed him as working for Dale County rather than Coffee County. We fail to see any harm or prejudice to the appellant as a *1162 result of this mistake. Because no harm or prejudice has resulted to the appellant, we will not reverse on the basis of alleged fraud.
The judgment of the trial court is due to be, and is hereby, affirmed.
Affirmed.
PATTERSON and McMILLAN, JJ., concur.
BOWEN, P.J., concurs in result only, with opinion, in which TAYLOR, J., joins.