The appellant, Antoinette Marie Cooper, was convicted of the unlawful possession of a controlled substance in violation of § 13A-12-212, Code of Alabama 1975. She was sentenced to five years' imprisonment.
The appellant presents two issues on appeal.
 I
The appellant first argues that the trial court erred in denying her motion to suppress the cocaine found in her apartment as the result of the execution of a search warrant. Specifically, the appellant argues that the evidence should be suppressed because, she argues, a copy of the search warrant and inventory of the items taken as a result of the search was not given to her or left at her residence as required by Rule 3.11, A.R.Crim.P.
Rule 3.11, A.R.Crim.P., provides: *Page 481 
 "(a) Receipt. The law enforcement officer taking property under the search warrant shall give to the person from whom or from whose premises the property was taken or shall leave at the place from which the property was taken a copy of the search warrant endorsed with a copy of an inventory of the property taken.
 "(b) Return and Inventory. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the person from whose possession or premises the property was taken, if that person is present, and shall be verified by the law enforcement officer executing the search warrant. The judge or magistrate shall, upon request, deliver a copy of the inventory to the person from whom or from whose premises the property was taken. The executing law enforcement officer may discharge his obligation to give receipt of property by leaving a copy of the inventory at the place from which the property is taken if no one is present."
The appellant argues that the use of the word "shall" in Rule 3.11 makes it mandatory that law enforcement officers leave, at the residence searched, a copy of the warrant and inventory of the items taken. However, " '[t]he failure to serve a proper copy of the search warrant at the time of execution has no effect upon the constitutional imperatives for its issuance and does not diminish the reliability of the evidence.' "Harper v. State, 535 So.2d 599, 601 (Ala.Cr.App. 1988), quoting Harden v. State, 433 So.2d 1378, 1379, (Fla.Dist.Ct.App. 1983).
Moreover, in State v. Heflin, 611 So.2d 441
(Ala.Cr.App. 1992), this court held that the provisions of Rule 3.11 were directory or ministerial in nature. Absent a showing of prejudice, a violation of Rule 3.11 does not warrant suppression of evidence seized pursuant to the execution of a search warrant. Heflin, 611 So.2d at 442.
The appellant has failed to demonstrate any prejudice resulting from a failure to leave a copy of the warrant or to provide her with an inventory of the items seized during the search. Thus, the trial court did not err in denying the appellant's motion to suppress the evidence.
 II
The appellant also contends that she was denied effective assistance of counsel because her trial counsel stipulated to the chain of custody of certain evidence, allowing a toxicologist's report to be admitted without the testimony of the toxicologist.
This issue is not properly before this court because it was not presented to the trial court and is raised for the first time on appeal. Claims of ineffective assistance of counsel cannot be raised for the first time on appeal. Samuels v.State, 584 So.2d 958 (Ala.Cr.App.), cert. denied,584 So.2d 963 (Ala. 1991). In order for a claim of ineffective assistance of counsel to be reviewable on direct appeal it must be presented to the trial court in a motion for new trial.Ex parte Jackson, 598 So.2d 895 (Ala. 1992); Kelleyv. State, 568 So.2d 405 (Ala.Cr.App. 1990).
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.