BOWEN, Presiding Judge.
Cecil Herman Carter, the appellant, was convicted of two counts of the unlawful distribution of marijuana in violation of Ala.Code 1975, § 13A-12-211(a), one count of possession of marijuana in violation of § 13A-12-213(a)(1), and one count of possession of marijuana for personal use in violation of § 13A-12-213(a)(2). He raises four issues on this direct appeal from those convictions.
I.
The appellant contends that the State failed to prove the chain of custody for the marijuana received into evidence on each charge. He argues that “[t]he State has failed to identify for the record the State’s exhibits by exhibit number as constituting *217 drugs allegedly seized from [the appellant].” Appellant’s brief at 30.
We have examined the record and find no missing links in the several chains of custody involved in this case. See Ex parte Holton, 590 So.2d 918, 919-20 (Ala.1991). The record demonstrates that each link in the chain of custody of each exhibit of marijuana was properly identified and that each exhibit admitted into evidence was identified by an exhibit number. Furthermore, there was no testimony presented that “put the identity and sameness of the item in question.” See Slaughter v. State, 411 So.2d 819, 822 (Ala.Cr.App.1981).
The fact that the prosecutor did not, at the time the exhibit was offered into evidence, specifically identify the exhibit being offered as the marijuana seized from a particular place or the marijuana identified by the witness as having been in his possession on a certain occasion is not significant. That information can be gathered by reading the prosecutor’s offers within the context of the entire record.
II.
The appellant contends, and we agree, that the State did not prove that he was in constructive possession of the 0.12 ounces of marijuana found inside the glove compartment of the Ford Courier pickup truck. That marijuana was the subject of the charge of unlawful possession of marijuana for personal use after having been previously convicted of unlawful possession of marijuana. C.R. 28. Because the appellant made a motion for a judgment of acquittal at the close of the State’s evidence, we can consider only the evidence that was before the trial court at that time in determining the sufficiency of the evidence. “The action of the trial court in denying a motion for [a judgment of] acquittal ... must be reviewed by determining whether ..., [at the time the motion was made,] there existfed] legal evidence before the jury ... from which the jury by fair inference could find the defendant guilty.” Willis v. State, 447 So.2d 199, 201 (Ala.Cr.App.1983). “[W]here the suffi-cieney of the evidence is tested by a motion for a judgment of acquittal, we may examine only that evidence which was before the court at the time the motion was made.” Kimbrough v. State, 544 So.2d 177, 181 (Ala. Cr.App.1989).
Here, the State failed to connect the appellant to the Ford truck. The only connection between the appellant and the truck was the fact that the truck was parked at the appellant’s residence at the time the search warrant was executed. The State failed to prove who owned[1] or who drove this truck. There was no evidence that the appellant had ever driven the Ford truck, although there was testimony that “others” had. The appellant was seen driving only an Isuzu Trooper.
More significant are the facts that three males were residing at the same residence— the appellant; the appellant’s 19-year-old son, Buckey Carter; and David Morris. There was no evidence offered to prove who owned the residence or the Ford truck.
In addition, at the time the search warrant was executed, there were five people inside the residence and between four and eight vehicles parked in the yard. The appellant arrived while the warrant was being executed. In summary, the only evidence connecting the appellant to the Ford truck was the fact that the truck was located in the yard of the residence at which the appellant and two other individuals resided.
Under the principles we collected in Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978), we find the State’s evidence insufficient to connect the appellant to the marijuana discovered in the Ford truck. See also Robinette v. State, 531 So.2d 682, 686 (Ala.Cr. App.1987), reversed as to outcome, 531 So.2d 697 (Ala.1988). The appellant’s conviction of possession of marijuana for personal use in violation of § 13A-12-213(a)(2) is reversed and a judgment is rendered in his favor in case number CC-93-257.
III.
The appellant argues that the statements of persons other than the appellant, recorded *218 through the use of an informant’s concealed body microphone, constituted inadmissible hearsay.
In this case the “confidential informant” was Clinton Daniels, Jr. Law enforcement officers fitted Daniels with a “body mike” and a transmitter. In purchasing marijuana from the appellant, Daniels was accompanied by Cornelius Samuel. Samuel was Daniels’ “connection” to the appellant. Daniels obtained marijuana from the appellant on three separate occasions.
The appellant complains that the tape recording contains a statement by Samuel, “Here is the dope,” and another statement giving the license tag number of the vehicle the appellant was driving. R. 103. Another tape recording contains the following statement apparently made by Daniels outside the presence of the appellant to Brewton Police Officer Johnny Newby, who was monitoring the transmitter worn by Daniels:
“I’ll tell you what I could buy from him. Goddamn, I’ve got the sticks in my hand. Why, he have to get dry when I got the dope man in my hand but all he had was lil’ ol’ bitty person bag but he got a little person bag on him but just all he got. Going back on my way to the meet place.” R. 105.
Any error in the admission of these statements was harmless. Rule 45, A.R.App.P. Both Daniels and Samuels testified at trial. That testimony was essentially cumulative of their statements on the tape recordings.
The improper reference, on one of the tape recordings, to the appellant as a “dope dealer” does not constitute reversible error in this ease because that characterization of the appellant is fully supported by the evidence. Compare Ballenger v. State, 406 So.2d 995, 998 (Ala.Cr.App.) (prosecutor referred to the appellant as a “dope dealer” during closing argument), cert. denied, 406 So.2d 998 (Ala.1981), cert. denied, 456 U.S. 907, 102 S.Ct. 1754, 72 L.Ed.2d 164 (1982); Green v. State, 389 So.2d 537, 540 (Ala.Cr. App.) (prosecutor referred to the appellant as “dope dealer” during closing argument), cert. denied, 389 So.2d 541 (Ala.1980).
IV.
The appellant contends that the search warrant was invalid because the warrant states as the time and date of issuance 10:00 p.m. on August 28, 1992, and the time of execution was 8:35 p.m. on that same date.
This argument is without merit. The State proved, through the testimony of the law enforcement officer who obtained the search warrant, an officer who executed the warrant, and the district court judge who issued the warrant, that the warrant was issued by a judge before it was executed and that both the issuance and execution of the warrant occurred on the same date. It is clear to this Court that the stated time of 10:00 p.m. on the warrant was a typographical error or a simple mistake and nothing more. “Typographical errors or misdescrip-tions in a search warrant do not necessarily render the warrant fatally defective.” Whitehead v. State, 608 So.2d 423, 426 (Ala. Cr.App.1992).
The appellant also complains that the search warrant was not endorsed to indicate that a copy of the warrant was left with the appellant. Although there was testimony that a copy of the search warrant was given to the appellant (R. 359-60), “ ‘ “the failure to serve a proper copy of the search warrant at the time of execution has no effect upon the constitutional imperatives for its issuance and does not diminish the reliability of the evidence.” ’ Harper v. State, 535 So.2d 599, 601 (Ala.Cr.App.1988), quoting Harden v. State, 433 So.2d 1378, 1379, (Fla.Dist.Ct.App. 1983).” Cooper v. State, 644 So.2d 480, 481 (Ala. Cr. App.1994).
The judgment of the circuit court in case number CC-93-257 (possession of marijuana for personal use in violation of § 13A-12-213(a)(2)) is reversed and a judgment rendered for the appellant. The appellant’s convictions in case number CC-92-461 for the unlawful distribution of marijuana in violation of Ala.Code 1975, § 13A-12-211 (two counts), and for the possession of marijuana in violation of § 13A-12-312(a)(l) are affirmed.
*219 AFFIRMED IN PART; REVERSED AND JUDGMENT RENDERED IN PART,
All Judges concur.

. Although a deputy sheriff testified to the effect that the appellant owned the Ford truck, that testimony was excluded because it was based on hearsay. R. 201-02.