MAIN, Judge.
C.B.D., a juvenile, was charged in 13 delinquency petitions with the possession of obscene matter containing a visual reproduction of a person under the age of 17 years, violations of § 13A-12-192(b), Ala.Code 1975. C.B.D. moved to suppress evidence law-enforcement officials seized from his residence and statements he made to law-enforcement officials in connection with the search of his residence on the basis that the State failed to effectuate the return of the search warrant after it was executed. After a hearing, at which the State indicated that the search warrant had been lost, the juvenile court granted C.B.D.’s motion to suppress. Pursuant to Rule 15.7, Ala.R.Crim.P., the State appeals the juvenile court’s ruling.
The record indicates that the original search warrant was lost. The State sought to offer the testimony of the law-enforcement officer who had executed the warrant as proof of the existence and contents of the warrant as secondary evidence. However, on the day of the hearing, the officer was unavailable to testify because of a family emergency. The juvenile judge refused to allow a continuance to permit the State to produce the witness.
On appeal, the State argues that the return of the warrant is a ministerial defect that does not require suppression. The State avers that it should have been allowed to establish the existence and contents of the warrant through secondary evidence and thus that its failure to return the original warrant does not require suppression. We agree.
“This Court reviews de novo a circuit court’s decision on a motion to suppress evidence when the facts are not in dispute. See State v. Hill, 690 So.2d 1201, 1203 (Ala.1996); State v. Otwell, 733 So.2d 950, 952 (Ala.Crim.App.1999).” State v. Skaggs, 903 So.2d 180, 181 (Ala.Crim.App.2004). Here, the only issue is the circuit court’s application of the law. Therefore, this Court affords no presumption in favor of the juvenile court’s ruling.
Section 15-5-12, Ala.Code 1975 provides that “[a] search warrant must be executed and returned to the judge or the magistrate by whom it was issued within 10 days after its date; if not executed after such time, it is void.” § 15-5-12, Ala.Code 1975. See Rule 3.10, Ala.R.Crim.P.; Rule 3.11, Ala.R.Crim.P.; and Rule 3.14, Ala. R.Crim.P. (a search warrant commands the law-enforcement officer to whom it is directed to effectuate the search within a specified period not to exceed 10 days and to make a prompt return accompanied by a written inventory to the issuing judge or magistrate). Although § 15-5-12, Ala. Code 1975, clearly provides that a warrant is void if not executed in 10 days, it does not provide for the invalidation of the warrant upon its failure to be returned. See *719 Donovan v. State, 859 So.2d 1181, 1183 (Ala.Crim.App.1978); Love v. Riddick, 226 Ala. 234, 234, 146 So. 617, 618 (1933) (“[F]act that the warrant was not subsequently returned did not destroy its validity or prevent a justification of the search made thereunder.”). Further, this Court has held “that the failure to execute and return a warrant within ten days does not ... render inadmissible into evidence the fruits seized under that warrant which was executed within the ten-day period.” Donovan, 359 So.2d at 1183.
We have also consistently stated that ministerial defects do not nullify other search-warrant procedures and have upheld such search warrants, absent a showing of prejudice. See Money v. State, 717 So.2d 38, 44 (Ala.Crim.App.1997) (“the requirement in Rule 3.10[, Ala.R.Crim.P.] that the search warrant be endorsed with the hour of its issuance is ministerial or directory in nature” and the failure to comply does not void an otherwise valid search, absent a showing of prejudice); Usery v. State, 668 So.2d 919, 921-22 (Ala.Crim.App.1995) (declining to construe certain provisions of Rule 3.10, Ala.R.Crim.P., in a hypértechnical manner and holding that a search warrant was not invalid on the grounds (1) that it was not directed to a specific “law enforcement officer” as that term is defined in Rule 1.4(p), Ala.R.Crim. P.; (2) that it did not designate a specific “law enforcement officer” who was to execute the warrant; and (3) that it did not specify that the warrant was to be executed within 10 days from the date of its issuance); Cooper v. State, 644 So.2d 480, 481 (Ala.Crim.App.1994) (the failure to serve a proper copy of the search warrant at the time of execution has no effect upon the constitutional imperatives for its issuance and does not dimmish the reliability of the evidence seized); Carter v. State, 659 So.2d 215, 218 (Ala.Crim.App.1994) (a search warrant was not invalid, even though the warrant stated the time and date of issuance as 10 p.m., and the actual time of execution was 8:35 p.m. on the same date, when the State proved, through the testimony of the law-enforcement officer who obtained the search warrant, an officer who executed the warrant, and the district court judge who issued the warrant, that the warrant was issued by a judge before it was executed and that both the issuance and execution of the warrant occurred on the same date); State v. Heflin, 611 So.2d 441 (Ala.Crim.App.1992) (holding that the provision of Rule 3.11, Ala.R.Crim.P. that the law-enforcement official leave a copy of the search warrant and the inventory with the defendant or at the premises searched at the time of a search was merely ministerial or directory in nature, and that, therefore, failure to comply with the provision did not invalidate the search conducted pursuant to the warrant); Palmer v. State, 426 So.2d 950, 953 (Ala.Crim.App.1983) (holding that search warrant that was improperly returned to municipal judge who issued warrant, instead of to “any state court,” as required by statute, did not invalidate search warrant that was properly issued and served, as return was merely ministerial act); McCord v. State, 373 So.2d 1242, 1244 (Ala.Crim.App.1979) (where warrant was executed within the 10-day requirement it was not invalidated by lack of the magistrate’s signature and a date on the return); cf. Lawrence v. State, 601 So.2d 194, 195 (Ala.Crim.App.1992) (holding “that the 48-hour requirement of Rule 19(A)(5)(a) [, Ala.R.Crim.P.,] is a ministerial or administrative act designed to ensure the accountability of each UTTC issued to a law enforcement agency”).
However, when the original warrant is neither returned nor available for inspection by a defendant’s counsel, the defendant’s ability to raise challenges to the issuance of the warrant and the manner in which it was executed may be compromised. Owens v. State, 51 Ala.App. 50, *720 62, 282 So.2d 402, 414 (1973) (“A secret or hidden court document could well prevent a lawyer from adequately preparing a defense for his client.”). Thus, the law is clear that secondary evidence is admissible to show the existence and contents of an affidavit and search warrant once it has been established, to the reasonable satisfaction of the trial judge, that the warrant was lost, absent bad faith on the part of the proponent. See Rule 1004(1), Ala. R.Evid. (allows for the admissibility of “other evidence of the contents of a writing” when the proponent of that evidence has neither the original nor a duplicate of the writing, absent bad faith); C. Gamble, McElroy’s Alabama Evidence §§ 212.01, 214.01 (5th ed.1996) (recognizing circumvention of best-evidence preference for original where original is lost or destroyed). See also Crawford v. State, 44 Ala.App. 393, 393, 210 So.2d 685, 686 (1967), cert. denied, 282 Ala. 725, 210 So.2d 688 (1968) (trial court properly admitted testimony of several witnesses to account for absence of formal warrant to search automobile belonging to defendant whom officers suspected of narcotics violation, together with affidavit made before justice of peace who issued the warrant); cf. Taylor v. State, 337 So.2d 773, 775 (Ala.Crim.App.1976) (motion to suppress was improperly denied where police chief had told defendant that he had search warrant, then searched premises and seized items that were hidden and police chief was dead when motion to suppress was heard, purported search warrant was not available, and there was no evidence as to contents of warrant or contents of any affidavit that authorized issuance of warrant).[1]
In this case, the juvenile court held the State strictly accountable for its failure to effectuate a return of the search warrant, suppressed the evidence, and dismissed the case. We conclude that this was error. The juvenile court should have afforded the State the opportunity to offer evidence sufficient to demonstrate that the search warrant existed and that it was not lost through fault of the State and to es *721 tablish the contents of the lost warrant through secondary evidence. Our conclusion permitting secondary evidence to establish both the existence and material terms of lost or misplaced warrants is consistent with previous decisions of this Court and decisions of other courts and States. See, e.g., Thomas v. State, 37 Ala.App. 118, 119-20, 66 So.2d 103, 104 (1953) (secondary evidence becomes primary evidence by proof of destruction or loss of original primary document); United States v. Pratt, 438 F.3d 1264, 1266 (11th Cir. 2006) (“We hold that the Fourth Amendment does not prohibit the use of other evidence to establish the existence and the contents of a lost search warrant.”); State v. Hall, 342 So.2d 616, 622 (La.1977) (parol evidence used to prove existence of misplaced warrant); Commonwealth v. Ocasio, 434 Mass. 1, 746 N.E.2d 469 (2001) (vacating order of suppression to allow Commonwealth to establish the contents of the lost warrant through application of the best-evidence rule); Anderson v. State, 9 Md.App. 532, 267 A.2d 296, 300 (1970) (where original document was not intentionally lost or destroyed, prosecution entitled to offer secondary evidence); Boyd v. State, 164 Miss. 610, 611, 145 So. 618, 619 (1933) (“If the affidavit and search warrant have been lost, the proof must show not only the loss but also substantially their contents.”).
Based on foregoing, the judgment of the juvenile court granting the motion to suppress and dismissing the case against C.B.D. is reversed. This cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
KELLUM, J., concurs. AVISE, P.J., and AVINDOM, J., concur in the result. AVELCH, J., dissents.

. We note that this Court has held that secondary evidence is admissible to establish the existence and content of a lost document when the proponent established, to the trial judge's satisfaction, that a diligent but futile search was performed. See Woods v. State, 641 So.2d 316 (Ala.Crim.App.1993), cert. denied, 513 U.S. 934, 115 S.Ct. 331, 130 L.Ed.2d 290 (1994) (trial court properly admitted photocopies of checks as secondary evidence under best-evidence rule); Edwards v. State, 505 So.2d 1297, 1299 (Ala.Crim.App.1987) (photocopy of murderer's confession statement was properly admitted into evidence, where prosecution had made thorough and diligent search for original, and statement was introduced through testimony of officer who took it and who was present when it was transcribed and read and signed by accused and who testified that copy was true and correct); Spellman v. State, 500 So.2d 110, 112-13 (Ala.Crim.App.1986) (trial court was within its discretion in admitting parol evidence of contents of lost document where diligent search was conducted); Howton v. State, 391 So.2d 147, 150 (Ala.Crim.App.1980) (exception to best-evidence rule requiring introduction of original writing unless original is lost, has been destroyed, or is otherwise unavailable exists so that, if original is in possession of accused, State may offer secondary evidence of its contents without attempting to procure it from or giving notice to produce it to accused); Reiling v. State, 339 So.2d 115, 116 (Ala.Crim.App.1976) (trial court properly admitted carbon copy of defendant’s statement of his understanding and waiver of his Miranda rights when loss of document was established to satisfaction of trial court); Cofield v. State, 41 Ala.App. 469, 473, 136 So.2d 897, 901 (1961), cert. denied, 273 Ala. 706, 136 So.2d 904 (1962) ("Negligent destruction of a document is no bar to its proof by secondary evidence. While its fraudulent destruction would exclude secondary evidence, a fraudulent destruction will not be presumed but must be made to appear.”).