14 So.3d 157 (2008)
MADISON COUNTY BOARD OF EDUCATION
v.
Laura WILSON.
2050222.
Court of Civil Appeals of Alabama.
August 29, 2008.
Cynthia K. Thompson of Johnston, Moore, Maples & Thompson, Huntsville, for appellant.
Stan McDonald, Huntsville; Frederick L. Fohrell and Robert C. Lockwood of Wilmer & Lee, P.A., Huntsville; and Sam Heldman of Gardner, Middlebrooks, Gibbons, Kittrell, Olsen, Walker & Hill, P.C., Washington, D.C., for appellee.
David R. Boyd, Dorman Walker, and JoClaudia Moore of Balch & Bingham, LLP, Montgomery, for amicus curiae Alabama Association of School Boards, in support of the appellant.
Gregory B. Stein of Stein, Brewster & Pilcher, L.L.C., Mobile, for amicus curiae Alabama Education Association, in support of the appellee.

On Rehearing Ex Mero Motu
PER CURIAM.
On April 22, 2008, this court issued an order placing this case on rehearing ex mero motu. We are now withdrawing that order.
ORDER OF APRIL 22, 2008, WITHDRAWN.[*]
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., dissents, with writing.
BRYAN, Judge, dissenting.
In this case, this court previously granted an appeal from a hearing officer's decision, pursuant to § 16-24-10(b), Ala.Code 1975, a part of the Teacher Tenure Act, § 16-24-1 et seq., Ala.Code 1975 ("the Act"). Madison County Bd. of Educ. v. Wilson, 984 So.2d 1153 (Ala.Civ.App.2006). In pertinent part, § 16-24-10(b) provides that "[t]he decision of the hearing officer shall be affirmed on appeal unless the Court of Civil Appeals finds the decision arbitrary and capricious, in which case the court may order that the parties conduct another hearing consistent with the procedures of this article." Because this court found the hearing officer's order to be arbitrary and capricious, we "reverse[d] the hearing officer's decision and remand[ed] the cause for the parties to conduct another hearing consistent with the provisions of the Teacher Tenure Act." Wilson, 984 So.2d at 1160. Our supreme court subsequently affirmed this court's judgment, stating:
"The hearing officer's application of standards of `just cause for termination' from collective-bargaining cases to Wilson's case resulted in a decision that was arbitrary and capricious. Therefore, the Court of Civil Appeals correctly reversed his decision and remanded the case for a new hearing. We affirm its judgment. The new hearing shall be *158 conducted pursuant to the provisions of the [Teacher Tenure] Act."
Ex parte Wilson, 984 So.2d 1161, 1171 (Ala.2007). Neither our judgment nor the judgment of the supreme court specified whether a new hearing officer was to be selected upon remand.
On March 26, 2008, Wilson filed in this court a "motion for clarification of order." In that filing, Wilson requested that this court clarify whether a new hearing officer should be selected to conduct the hearing upon remand.
"The cardinal rule in statutory construction is to give effect to the legislative intent as clearly expressed in the statute or as may be inferred from the language used as well as from the reason for the act." Ex parte Berryhill, 801 So.2d 7, 11 (Ala.2001) (emphasis omitted). I note that the legislature, in amending the Act in 2004, intended "to streamline the contest and appeal processes for teachers." Title to Act No. 2004-566, Ala. Acts 2004. Remanding the case for a new hearing before the original hearing officer would be consistent with this intention and would be judicially efficient, whereas holding a hearing before a new hearing officer unfamiliar with the case would undermine this intention. Further, § 16-24-10(b) permits this court to remand the case for "another hearing," but that section does not mention "another hearing officer." Accordingly, I interpret that portion of the Act calling for "another hearing" as requiring remand to the original hearing officer for a new hearing.
Because I would place the appeal on rehearing ex mero motu in order to clarify this court's intention that the original hearing officer should conduct the hearing on remand, I respectfully dissent.
NOTES
[*] Note from the reporter of decisions: On March 26, 2008, Laura Wilson filed a motion for clarification of the Court of Civil Appeals remand order, in an opinion released on August 11, 2006, published at 984 So.2d 1153. On April 22, 2008, the Court of Civil Appeals, which had issued its certificate of judgment on January 2, 2008, following the Alabama Supreme Court's affirmance of its judgment, 984 So.2d 1161, recalled that certificate and placed the case on rehearing ex mero motu.