BRYAN, Judge,
dissenting.
In this case, this court previously granted an appeal from a hearing officer’s decision, pursuant to § 16-24-10(b), Ala. Code 1975, a part of the Teacher Tenure Act, § 16-24-1 et seq., Ala.Code 1975 (“the Act”). Madison County Bd. of Educ. v. Wilson, 984 So.2d 1153 (Ala.Civ.App.2006). In pertinent part, § 16-24-10(b) provides that “[t]he decision of the hearing officer shall be affirmed on appeal unless the Court of Civil Appeals finds the decision arbitrary and capricious, in which case the court may order that the parties conduct another hearing consistent with the procedures of this article.” Because this court found the hearing officer’s order to be arbitrary and capricious, we “reverse[d] the hearing officer’s decision and re-mandfed] the cause for the parties to conduct another hearing consistent with the provisions of the Teacher Tenure Act.” Wilson, 984 So.2d at 1160. Our supreme court subsequently affirmed this court’s judgment, stating:
“The hearing officer’s application of standards of ‘just cause for termination’ from collective-bargaining cases to Wilson’s case resulted in a decision that was arbitrary and capricious. Therefore, the Court of Civil Appeals correctly reversed his decision and remanded the case for a new hearing. We affirm its judgment. The new hearing shall be *158 conducted pursuant to the provisions of the [Teacher Tenure] Act.”
Ex parte Wilson, 984 So.2d 1161, 1171 (Ala.2007). Neither our judgment nor the judgment of the supreme court specified whether a new hearing officer was to be selected upon remand.
On March 26, 2008, Wilson filed in this court a “motion for clarification of order.” In that filing, Wilson requested that this court clarify whether a new hearing officer should be selected to conduct the hearing upon remand.
“The cardinal rule in statutory construction is to give effect to the legislative intent as clearly expressed in the statute or as may be inferred from the language used as well as from the reason for the act.” Ex parte Berry hill, 801 So.2d 7, 11 (Ala.2001) (emphasis omitted). I note that the legislature, in amending the Act in 2004, intended “to streamline the contest and appeal processes for teachers.” Title to Act No. 2004-566, Ala. Acts 2004. Remanding the case for a new hearing before the original hearing officer would be consistent with this intention and would be judicially efficient, whereas holding a hearing before a new hearing officer unfamiliar with the case would undermine this intention. Further, § 16-24-10(b) permits this court to remand the case for “another hearing,” but that section does not mention “another hearing officer.” Accordingly, I interpret that portion of the Act calling for “another hearing” as requiring remand to the original hearing officer for a new hearing.
Because I would place the appeal on rehearing ex mero motu in order to clarify this court’s intention that the original hearing officer should conduct the hearing on remand, I respectfully dissent.